## Byron Telephone Company v. Gussie Sheets.

### Gen. No. 4,525.

1. NEGLIGENCE—*when intervention of independent agency does not excuse.* It is no defense to an action for injury resulting from the negligence of the defendant that the negligence or tortious act of a third person, an inevitable accident or inanimate thing contributed to cause the injury, if the negligence of the defendant was the efficient cause without which the injury would not have occurred.

2. ELECTRICITY—*degree of care required of person using.* A person employing a dangerous agency, such as electricity, is bound to the exercise of the highest degree of care.

Action on the case. Appeal from the Circuit Court of Ogle County; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed August 1, 1905.

D. W. BAXTER and J. B. STEPHENS, for appellant.

J. C. SEYSTER and W. B. FEARER, for appellee.

MR. PRESIDING JUSTICE VICKERS delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Ogle County in favor of appellee for $150 damages caused by the loss of her clothing in a fire which it is alleged was originated by the wires of the appellant, the Byron Telephone Company. When the appellant originally installed its telephone system in the city of Byron a ground wire was put in for each 'phone. Subsequently, with a view of improving the service, the ground wires were all removed except one at the switchboard and one at the cable pole and a third one was inadvertently left connected with a 'phone in appellee's room. This ground wire was inside appellee's bedroom and ran along the mop-board and also across the door-facing. On the morning of August 3, 1903, appellee and her husband were away from home. During a thunderstorm which occurred early in the morning, fire was discovered in the bedroom of appellee, this being the room in which the ground wire above described

was placed. The fire seems to have originated in the mop-board and door-facing and was communicated therefrom to appellee's clothing which was hanging on the wall. A Mr. Caldwell, who has some connection with the telephone company, heard the thunder and went into the exchange room and cut off the ground wire at the switchboard.

It is conceded that the fire that destroyed the clothing of appellee was caused by lightning getting upon the wires of appellant and passing through appellee's room on the ground wire to the earth.

The principal contention of appellant is that it was only bound to exercise reasonable care to protect its customers from damages from the use of such currents of electricity as were generated and used by it in its business and that it was not required to protect its customers against damages resulting from electricity coming up on its wires from electrical storms.

The exact question involved is preserved for our consideration by appellant's exceptions taken to the giving and refusing of instructions. The court refused to instruct the jury that it was not the duty of appellant to adopt the most approved method of construction and maintenance in order to protect against currents of electricity produced by electrical storms, but did give the opposite of this proposition, the exception to which presents the substantial grounds upon which a reversal is asked.

So far as we know this precise question has not been decided by the Supreme Court or the Appellate Courts of this State, but the principle that appears to be applicable has often been invoked in the decision of other cases wherein the injury resulted from the negligence charged and the intervention of some independent agency. The rule frequently announced is that it is no defense to an action for injury resulting from the negligence of the defendant that the negligence or tortious act of a third person, an inevitable accident or an inanimate thing contributed to cause the injury if the negligence of the defendant was an efficient cause without which the injury would not have occurred.

City of Joliet v. Verley, 35 Ill. 58; Village of Carterville v. Cook, 129 Id. 152; McGregor v. Reid, Murdoch & Co., 178 Id. 464; C. & A. R. R. Co. v. Harrington, 192 Id. 10; Armour v. Golkowska, 202 Id. 144. Liability under the doctrine of these cases exists where the defendant is guilty of the negligence charged and an independent agency, which ought reasonably to have been expected, intervenes and causes the injury which would not have happened but for the negligence of the defendant. In the case at bar the negligence charged against the defendant is negligently failing to provide proper means to arrest dangerous currents of electricity from entering the building and injuring appellee's property; negligently failing to maintain its wires and connections in such manner as to cause dangerous currents of electricity that might enter the building to pass out without injury, and that said wires were negligently and improperly placed in said building. Under the evidence the jury might well find that appellant was guilty of some of the acts charged against it. Without going into an extended discussion of the evidence, it is sufficient for us to say that it appears from the expert testimony that the purpose of grounding the wires of a telephone system is to afford a means by which any excess of electricity that may come upon the wires may pass to the earth. If this is true it must be assumed that appellant knew that the ground wire which passed through appellee's room in close proximity to combustible material was liable to become charged with a dangerous current of electricity, especially during the times of electrical storms, and when the atmosphere is overcharged with electricity. The evidence tends to show that placing this wire near the wooden mop-board and door-facing was faulty construction and this accords with reason. It is also shown that the grounding of the wire at the cable pole was imperfectly done, which may have tended to increase the current that passed through appellee's room. We think the jury was justified in finding that appellant was guilty of the negligence charged. Appellant's most serious contention is that it is not liable for injury result-

ing from currents of electricity coming upon its wires from lightning. The experts are practically agreed that there is no device known that will control those heavy bolts of lightning that destroy houses and trees in their passage to the earth. On the other hand it is shown that the less forceful currents may be safely conducted to the earth by properly grounded wires. In this case the only damage done was by the igniting of the wood in appellee's room, the burning of the clothing and the ground wire was found to have been so burned near its connection at the ground that it would crumble into dust between the fingers. No other damage was done at any other point on the system. From these circumstances we conclude that the lightning that did the damage was not one of those heavy and uncontrollable currents that carry destruction to every opposing body it meets on its passage to the earth. On the contrary, we are warranted in believing that had appellant used the usual and ordinary means of conducting this current to the earth no damage would have occurred. There is, therefore, present in the facts of this case all the elements of liability under the rule announced in the cases above cited.

Appellant cites and relies on the case of Phœnix Light & Fuel Co. v. Bennett, 63 L. R. A. 219 (Arizona). This case seems to hold that the only duty defendant owed was so to insulate its wires as to protect its customers from the currents of electricity generated by it. There was nothing in the evidence in the case to indicate the strength of the current that came upon the wires from the clouds or to show that it might have been controlled by the use of proper means for such purpose. While some expressions found in the opinion apparently exempt the defendant from liability for injuries produced by currents of electricity coming on its wires from any source other than those generated by the defendant, still the case recognizes the doctrine that a person dealing with the dangerous agency of electricity is bound to exercise the highest degree of care and skill. Even if this case can be said to go to the extent claimed, we would not feel inclined to follow it. The employment of

electricity as an active force in the affairs of life, requires skill and special knowledge in those who undertake to serve the public by its use. Its dangerous character is generally known, but the means by which its dangers are minimized are only known to those who have special knowledge and skill. In the absence of stipulations to the contrary those who engage in the business of serving the public with telephones must be held to possess and employ the requisite knowledge and skill to protect its patrons, so far as practicable, from the dangers incident to the business, whether those dangers arise from the currents employed by them or such as may reasonably be expected to get on the wires from other sources. 10 Am. & Eng. Ency. of Law, 2nd ed., p. 872; Brown v. Edison Electric Illuminating Co., 90 Md. 400; McKay v. Southern Bell Telephone Co., 111 Ala. 337; Jackson v. Wis. Tel. Co., 26 L. R. A., 101 Wis.; Griffin v. United Electric Light Co., 164 Mass. 492; Griffith v. New Eng. Telp. Co., 72 Vt. 441 (52 L. R. A. 919).

In Economy Light & Power Co. v. Hiller, 211 Ill. 568, it was held that where one company negligently allowed its wires to become exposed and sag down and come in contact with wires of another company whereby they received a stronger current, they were liable for an injury received by a child coming in contact with the live wire. While this case is not like the case at bar, yet it recognizes the liability for injury done by a current of electricity not generated by the defendant but which came upon the wires from another source and did damage jointly with the negligence of the defendant.

The rulings of the court below were in accordance with these views and the judgment is affirmed.

*Affirmed.*