MARY E. HOOVER, Respondent, v. KANSAS CITY
ELEVATED RAILWAY COMPANY and MET-
ROPOLITAN STREET RAILWAY COMPANY,
Appellants.

Kansas City Court of Appeals, November 6, 1911.

1. **ELECTRICITY:** Negligence: Death: Evidence of Ownership of
Wire. Plaintiff's husband, while walking on a street of Kansas City
Kansas, came in contact with a broken guy wire charged with
electricity, and was killed. There was sufficient evidence to
authorize the submission of the case to the jury, as to the owner-
ship of the guy wire and the negligence of the defendant.

2. ———: ———: ———: Evidence: Proof of Ownership. Proof
that the defendant owned the poles and feed wires to which the
guy wire was attached is circumstantial evidence that the defend-
ant owned the guy wire.

3. **ELECTRICITY:** Negligence. The dangerous character of elec-
tricity requires that its users exercise the highest degree of care
to prevent its escape. Where a person walking on a street is
shocked by coming in contact with a live wire, the burden is
put upon the owner of the wire to show it has not been negligent,
and the evidence of defendant in this case did not establish that
it was not negligent.

4. ———: ———: A user of electricity must use due care to inspect
its appliances, and anticipate dangerous possibilities. It cannot
permit its wires to rot in two, and then ask for a reasonable time
thereafter to discover and repair the break.

5. **TRIAL PRACTICE:** Evidence: Reading Decision to Jury. Where
it is proper to admit the opinion of the Supreme Court of another
state as evidence in a trial in a cause of this state, the trail court
permits no abuse of discretion in allowing such opinion to be read
to the jury.

Appeal from Jackson Circuit Court.—*Hon. Walter
A. Powell,* Judge.

AFFIRMED.

*John H. Lucas* and *Ben. F. White* for appellant.

(1) The court erred in refusing to sustain the demurrer to the evidence as to both defendants. (a) The question of ownership was contested throughout the trial; none was shown in this appellant. Brubaker v. Electric Light Co., 130 Mo. App. 444. (b) There was no proof of any negligence on the part of appellant; in fact, the proof showed conclusively there was none. Frauenthal v. Gaslight Co., 67 Mo. App. 1; Strack v. Met. St. Ry. Co., 216 Mo. 600. (2) The court erred in admitting in evidence an opinion of the Supreme Court of the State of Kansas, and in permitting counsel to read same to the jury. Heller v. Pub. Co., 153 Mo. 216.

*James A. Plotner, James L. Hogin* and *E. H. Gamble* for respondent.

(1) Appellant's demurrer to respondent's evidence was properly overruled because (a) There was direct evidence that appellant owned and was using the wire that killed deceased, and was negligent with respect thereto. Moreover, the happening of the event raised a presumption of negligence, which became conclusive upon appellant's failure to introduce any evidence. Gannon v. Gas Light Co., 145 Mo. 511; Geisman v. Electric Co., 173 Mo. 654; Winkelman v. Light Co., 110 Mo. App. 184; Harrison v. Electric Light Co., 195 Mo. 606; Heiberger v. Telephone Co., 133 Mo. App. 452; Von Trebra v. Light Co., 209 Mo. 648; Trout v. Gas Light Co., 132 S. W. 58. (b) Circumstantial evidence in civil actions to support a verdict need not rise to that degree of certainty which will exclude any and every other reasonable hypothesis. Railroad v. Woods, 66 Kan. 613; 17 Cyc., p. 820; Bradberry v. City, 80 Conn. 298; 3 Ency. of Ev., p. 81; Conner v. Railroad, 181 Mo. 397. (2) The

opinion of the Supreme Court of Kansas in Metropolitan v. Gilbert, 70 Kan. 261, was properly read in evidence. R. S. 1909, sec. 6332; Hartman v. Railroad, 39 Mo. App. 88; Heiter v. Railroad, 53 Mo. App. 331.

JOHNSON, J.—Plaintiff, the widow of Robert F. Hoover deceased, instituted this action against the Metropolitan Street Railway Company and the Kansas City Elevated Railway Company to recover damages for the death of her husband which she alleges was caused by the negligence of defendants. At the close of the evidence the court directed a verdict for the first named defendant and overruled the demurrer to the evidence offered by the remaining defendant. The jury found the issues of fact submitted in the instructions in favor of plaintiff and returned a verdict against the Metropolitan Street Railway Company for $6500. Judgment was rendered for plaintiff in accordance with the verdict and the cause is before us on the appeal of defendant.

The death of Hoover occurred in Kansas City, Kansas, and the cause of action pleaded in the petition is founded on certain statutes of that state. The answer is a general denial.

The material facts of the case thus may be stated. Hoover was killed near the northeast corner of Fifth street and Minnesota avenue in Kansas City, Kansas, at about 10:30 p. m. July 10, 1907, by accidentally coming in contact with a broken wire, charged with a high current of electricity. He was walking on the sidewalk and it is not contended that he was negligent. Fifth street runs north and south, Minnesota avenue east and west, and their intersection is in the business part of the city and a central point of street car traffic. Four lines of electric street cars meet at this point, three of which were operated by the present defendant, the other by the Kansas City Elevated Railway Com-

pany. The broken wire with which Hoover came in contact was a guy wire which held in place and was attached to a feed wire carried on a pole at the northeast corner of the street intersection. The function of the feed wire was to carry the electric current employed in running the cars and the current was fed from this wire into the trolley wire by means of cross feed wires placed at intervals along the line. The guy wire was designed to keep the feed wire from being pulled towards the south and was stretched northward from the feed wire and fastened to a guy pole some distance north on Fifth street. It was wrapped around the guy pole at a height of ten feet and had been in place so long that it rusted through at the place of its attachment to the pole and broke shortly before the injury—just how long the evidence does not disclose. The guy wire was uninsulated and was not intended to carry any electricity. A device called a "Brooklyn" insulator was employed to attach the guy wire to the feed wire and to prevent the escape of electricity to the former wire. It is conceded this appliance was a perfect insulator as long as it was in good condition, but the evidence tends to show that the insulator in question had been in service a long time and was in a defective condition though the nature of the defect and the duration of its existence are not shown. The death of Hoover was caused by the diversion of the current carried by the feed wire into the guy wire. When he touched the loose end of the broken wire which had fallen to the sidewalk his body received and grounded the escaping current.

There was a drizzling rain at the time which doubtless aided the current to escape, but there was no wind or pronounced electrical disturbance sufficient to cause a defect in the insulator.

The first point argued by defendant in support of its contention that the court erred in not sustaining the demurrer to the evidence is that the evidence fails

to show that defendant was the owner of the guy wire. There is no direct evidence of this fact in the record, but it is shown that the trolley and feed wires and the pole carrying the feed wire belonged to defendant and were integral parts of its electric railway. From these facts the jury were entitled to infer that the guy wire also was the property of defendant. . This wire was an appliance to hold defendant's feed wire in position and was as much a part of defendant's railway as were the feed wire, poles and track. There would be no reason for holding that the fact of ownership could not be proved by circumstantial as well as by direct evidence.

Next it is argued by defendant that the evidence fails to show that the death of Hoover was caused by negligence of defendant. The gravamen of plaintiff's cause of action is negligence and the burden is on her to show that her husband's death was caused by the negligence of defendant averred in the petition.

In view of the highly dangerous and subtle nature of electricity the law imposes the duty on those who use the public streets in its transmission of exercising the highest degree of care to protect persons rightfully using the streets against injury caused by the escape of such electric currents from their appointed channels, and the rule is well settled that proof of the facts that a pedestrian rightfully using the streets was injured by coming in contact with a broken and fallen wire charged with a dangerous current of electricity is prima facie proof of negligence on the part of the owner of such wire and imposes on the defendant the burden of overcoming the presumption of negligence. [Gannon v. Gas Light Co., 145 Mo. l. c. 511; Geismann v. Missouri Edison Electric Co., 173 Mo. 654; Winkelman v. Light Co., 110 Mo. App. 184; Heiberger v. Telephone Co., 133 Mo. App. 452.]

We think defendant has failed to rebut the presumption and that Hoover's death was caused by negligence in failing to maintain the Brooklyn insulator

in proper repair and in allowing the guy wire to remain until it broke in two from rust. Manifestly defendant suffered the insulator to remain after it had outlived its usefulness and no longer would prevent the escape of the current to the guy wire. Defendant had no right to do this. The duty imposed on it by law of exercising the highest degree of care required that reasonable diligence be employed in the inspection of the line from time to time to discover defects in the appliances used to prevent the escape of the current and to replace or repair such defective appliances at places where a diversion of the current might cause it to inflict injury to persons on the street. And further we say that defendant should have anticipated the dangerous possibilities in the situation of an old uninsulated guy wire being charged with a deadly current of electricity and likely at any time to break and fall to the sidewalk.

Counsel for defendant insist that they were entitled to a reasonable time after the guy wire fell in which to discover the danger and repair the defect. If the defects had been caused by an unusual storm or by some cause not reasonably to be anticipated there would be merit in the argument. [Brubaker v. Electric Light Co., 130 Mo. App. 444; Strack v. Railway, 216 Mo. 600.] But where, as here, the defective condition was not due to such cause but was brought about by defendant's failure to maintain its line in proper repair the rule invoked has no application. It would be monstrous to say that defendant should be allowed to suffer its line to rot in two and kill an innocent pedestrian before it was under any legal duty to discover its defective and dangerous condition and rectify it.

The demurrer to the evidence was properly overruled.

Complaint was made of the permission given plaintiff to read the opinion of the Supreme Court of Kansas admitted in evidence. The cause of action

arose in Kansas and is controlled by the law of that state. It was proper to admit in evidence a pertinent decision of the court of last resort in that state. [Sec. 6332, R. S. 1909.] And since the decision came into this case as evidence, the trial court committed no abuse of discretion in allowing it to be read to the jury.

The decision of the Supreme Court in Heller v. Pub. Co., 153 Mo. l. c. 216, is not in point.

Other questions argued by defendant are ruled to be without merit. The cause was fairly tried and the judgment is affirmed. All concur.