# M. T. WARREN, Respondent, v. MISSOURI AND KANSAS TELEPHONE COMPANY, Appellants.

Springfield Court of Appeals, June 26, 1917.    Rehearing Denied July 24, 1917.

1. **TELEPHONES: Care Required of Company Maintaining.** A telephone company is required to use the highest degree of care practical in making and keeping safe the use of its telephone apparatus but it is not an insurer.

2. **PLEADING: Sufficiency of Petition: Test.** A petition is not always to be judged by the strict rules of logic or absolute accuracy in its statements, but rather by whether it fairly informs the defendant of the issues to be tried.

3. ————: **Petition: Sufficiency of: Not Same Test as for Instruction.** An instruction imposing on defendant the duty of keeping its telephone equipment safe, instead of using the highest degree of care to that end would be erroneous, but a petition will not be held fatally defective on that account, especially after verdict.

4. ————: **Surplusage in Petition: Immateriality.** Where a statement in a petition is merely a statement of law, it may be regarded as surplusage and hence its accuracy is not material.

5. **TELEPHONES: Injury from Shock: Res Ipsa Loquitur.** Where plaintiff answering a telephone call was injured by a shock when she took hold of the transmitter and receiver, the occurrence was so unusual and contrary to what might be expected under such circumstances as to show that there was something wrong with the instrumentalities solely under the control of the defendant telephone company and the doctrine of *res ipsa loquitur* would apply.

6. **PERSONAL INJURIES: Destructive Agencies: Care Required in Guarding.** Because storms and floods and lightning are destructive it is necessary to use the highest degree of care and skill to guard against them in the use of instrumentalities made dangerous thereby.

7. **ELECTRICITY: Injuries from: Judicial Notice.** The courts take notice that static electricity or lightning is likely to get on and pass over wires carrying manufactured el——ty.

8. ————: **Duty of Electric Company to Safeguard Against Lightning.** An electrical company whose wires enter a building is bound to anticipate that unless devices are installed to prevent, lightning may follow its wires into the building and result in personal injuries.

9. ———: **Duty of Electric Company to Safeguard Against Lightning.** If lightning is conducted to or into a building through the negligence of the owner of the wires entering such building failing to use preventive devices, the owner may be liable; though the lightning may be considered an act of God the carrying of it into the building by wires may be considered an act of the owner of such wires.

10. ———: ———: **Presumption in Case of Injuries.** The dangerous character of electricity is generally known but the means by which it is minimized are known only to those who have special knowledge and skill. Those who engage in the business of serving the public with telephones must be held to possess and employ, the requisite knowledge to protect its patrons so far as practicable from dangers incident to the business. And this is true whether such dangers arise from the currents employed by them or such as may be reasonably expected to get on the wires from other sources.

11. **PERSONAL INJURIES: Negligence: Accident Extraordinary: Res Ipsa Loquitur.** In case of personal injuries where the thing causing such injury is shown to be under the management of the defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, the doctrine of *res ipsa loquitur* applies.

12. **TELEGRAPHS AND TELEPHONES: Injury from Shock: Negligence: Jury Question.** Whether or not a telephone company discharged the burden of proving lack of negligence causing injuries to one who was using a telephone operated by defendant company was a question for the jury.

13. ———: **Negligence: Res Ipsa Loquitur: Burden of Proof.** Action against a telephone company on account of personal injuries occasioned by a shock received while properly using a telephone installed by defendant company. The burden of proving that the presence of excessive electricity which caused the injury was not due to negligence of the company in failing to use the highest degree of care practical rested on such company.

Appeal from Greene County Circuit Court.—*Hon. Arch A. Johnson,* Judge.

AFFIRMED.

*Sebree & Orr* and *D. E. Palmer* for appellant.

*Hamlin, Collins & Hamlin* for respondent.

STURGIS, J.—It is practically agreed that plaintiff was injured by an electric shock in attemting to use

one of defendant's telephones; and so a jury found. The defendant appeals from a judgment in plaintiff's favor.

The plaintiff's petition, which is assailed as being insufficient, alleges that defendant owned, controlled and operated a telephone system in Springfield, Missouri; that same was operated by the use of wires, receivers, transmitters and electricity; that plaintiff was in the employ of one White, for whose use in his butcher shop defendant had installed one of its telephones; that it was the duty of defendant to keep its telephones, wires and apparatus in a safe condition so as to be used by patrons with safety; that plaintiff, in discharge of her duties and while using due care, attempted to use said telephone in answer to a ring or call of same "and in so doing took hold of the transmitter with one hand and the receiver with the other at which time, by reason of the negligence of the defendant in the operation of the telephone system as aforesaid, she was suddenly struck by electricity and instantly and violently knocked down by reason whereof" she suffered injuries to her damage, etc. Plaintiff's evidence supports these allgations.

The defendant attacks the petition as charging negligence in general terms without specifying the facts showing negligence and that the petition fails to state facts to which the rule of *res ipsa loquitur* would apply. Defendant's argument is that since plaintiff alleged that defendant operated the telephone system by use of wires, receivers, transmitters and electricity and that defendant's duty was to keep its telephones, wires and apparatus in a *safe condition* so that same could be used *with safety,* the allegations that the injury resulted "by reason of the negligence of the defendant in the operation of its telephone system as aforesaid" can refer only to the duty previously alleged, to-wit: to keep the telephones and apparatus used in connection therewith in a safe condition. It is then argued that the law does not require defendant to *keep* its telephones and equipment, in a *safe condition* or so as to be used *with safety,* but only to use due care (whether ordinary care or the highest degree of care the authorities are said to be in conflict)

to keep same safe and so as to be used with safety. The defendant would then have this court draw the conclusion that since plaintiff has not alleged a duty which the law requires the alleged violation of a duty not required is not an allegation of negligence.

We do not agree that there is any conflict of authorities in this State that defendant is required to use the highest degree of care practical in making safe the use of its phones but we do agree that, strictly speaking, defendant is not required to *keep* its telephones and apparatus used therewith *safe* or so as to be used *with safety*. It is only required to use the highest degree of care practical in this respect and is not an insurer. The instructions given are to this effect. The petition does not accurately state defendant's duty and an instruction imposing on defendant the duty to keep its phones and equipment safe instead of using the highest degree of care to that end might properly be held erroneous. No case is cited holding that a petition is fatally defective on this account, especially so after verdict. A petition is not always to be judged by the strict rules of logic or absolute accuracy in its statements, but rather by whether it fairly informs the defendant of the issues to be tried. The petition was not attacked in any way in the trial court and we decline to hold it fatally defective.

Moreover the clause of the petition stating defendant's duty with reference to keeping the phones safe for use is only a statement of the law and may be entirely rejected as surplusage. Being surplusage, its accuracy is not material.

The next question is whether the facts pleaded and proved warrant the application of the doctrine of *res ipsa loquitur*. The plaintiff proved the alleged facts that when she attempted to answer a call or ring of the phone and took hold of the receiver and transmitter in the usual way, she received a severe shock rendering her unconscious. The defendant, after its demurrer to the evidence was overruled, undertook to explain the cause of the injury and exonerate itself from any negligence.

It showed that the currents of electricity used in the operation of the phone were of such low voltage that the shock could not have been caused thereby. "The defendant then accounts for the shock plaintiff did receive" by showing that a thunderstorm with nearby flashes of lightning occured at or about the time of the injury. The evidence raises a strong inference that plaintiff's shock was caused by lightning striking the wires at some point and then passing along same to this telephone.

Does the doctrine of *res ipsa loquitur* apply to the facts thus pleaded and proved? There is less doubt on this point as to the facts pleaded than to those proved, for it is only by the proof that the element of lightning is brought into the case. Without that element the thing complained of, to-wit: the electricity, wires, receivers, transmitters, etc., were clearly under the sole control and management of the defendant. The plaintiff had no control of these instrumentalities and no means of knowing the cause of her injury except the bare fact that the defendant furnished a telephone for her use and held it out as being safe for that purpose; that she attempted to use it for the purpose and in the way it was intended and in so doing was injured. This occurrence was so unusual and contrary to what usually happens as to show that something was wrong and this something wrong being with the instrumentalities solely under defendant's control the doctrine of *res ipsa loquitur* applies. [Shearman & Hedfield on Negligence, sec. 58b; Curtis, Law of Electricity, sec. 592.]

With the element of lightning introduced in the case (by defendant, however), the defendant asserts that the necessary basis of this doctrine is lacking because the current of electricity from the lightning was not under defendant's control. This argument is more plausible than in accord with sound legal reasoning. Storms and floods are not under the control of human agency, but if a passenger is injured by derailment of a train the doctrine of *res ipsa loquitur* would not disappear by a mere showing that the track was undermined by water

from a rainstorm. The very fact that storms and floods and lightning are destructive makes it necessary to use the highest degree of care and skill to guard against same in the use of instrumentalities made dangerous thereby. The courts take notice that static electricity, or lightning, is likely to get on the pass over wires carrying manufactured electricity, (Melcher v. Investment Co., 189 Mo. App. 170, 182, 174 C. W. 455; Curtis' Law of Electricity, sec. 457 and sec. 510, p. 770), and the frequency of injuries received from this source shows a danger that should be guarded against. A company whose wires enter a building "is bound to anticipate that unless devices are installed to prevent it, lightning may follow its wires into the building" resulting in personal injury. "If lightning is conducted to or into a building through the negligence of the owner of the wires entering such building the owner may be liable; though the lightning may be considered an act of God, the carrying of it into the building may be an act of the owner." [Curtis' Law of Electricity, sec. 455; Jones on Telegraphs and Telephones, sec. 196a.]

The defendant owning and controlling this telephone and all the appliances used in connection therewith installed it in this place of business for plaintiff's use at all times without regard to weather conditions. The defendant company in effect said to plaintiff that, while we know the ordinary danger of lightning passing along wires such as connects with this phone, especially during thunderstorms, that is our business and we will guard against it; you may use this phone regardless of weather conditions and we will see that same is safe in so far as the highest degree of skill and care commensurate with the danger will make it so. That the doctrine of res ipsa loquitur applies in such cases is attested by many authorities. [Jones on Telegraphs & Telephones, sec. 198; Curtis' Law of Electricity, secs. 597, 594; 1 Joyce on Electric Law, secs. 445a, 445f; 2 Joyce on Electric Law, sec. 1048, p. 1551; Griffith v. New England T. & T. Co., 72 Vt. 441, 52 L. R. A. 919; Southwestern Bell Tel. Co. v. McTyer (Ala.),

34 So. 1020; Alabama City Etc. Co. v. Appleton (Ala.), 54 So. 638, 26 Ann. Cas. 1181; Evans v. E. Kentucky Tel. & Tel. Co. (Ky.), 99 S. W. 936; Denver Con. Elec. Co. v. Lawrence (Colo.), 73 Pac. 39; Hoover v. R. Co., 159 Mo. App. 416, 420, 140 S. W. 321; Heilberger v. Tel. Co., 133 Mo. App. 452, 113 S. W. 730.] In Byron Tel. Co. v. Sheets, 122 Ill. App. 6, 10, the court said: "Its dangerous character is generally known, but the means by which its dangers are minimized are only known to those who have special knowledge and skill. In the absence of stipulations to the contrary those who engage in the business of serving the public with telephones must be held to possess and employ the requisite knowledge and skill to protect its patrons, so far as practicable, from the dangers incident to the business, whether those dengers arise from the currents employed by them or such as may reasonably be expected to get on the wires from other sources." The facts of the present case clearly bring it within the rule stated in Scott v. London Dock Co., 3 H. & C. 596, that "Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation, that the accident arose from want of proper care." The defendant was not held not liable, as defendant contends, in Strack v. Tel. Co., 216 Mo. 601, 116 S. W. 526, because the current which inflicted the injury was not under defendant's control, but because the defendant could not be held to have reasonably anticipated that any person would come in contact with the wires.

The court therefore properly instructed the jury that the defendant was liable whether the current causing this shock was lightning or manufactured electricity providing same could be guarded against by the exercise of a high degree of care on defendant's part. It also correctly refused to instruct that if the shock was caused by atmospheric electricity and not by a current under defendant's control, defendant was not liable.

The defendant introduced evidence tending to show absence of negligence on its part; that it used a high degree of care in maintaining and operating its telephone system and had in use safety appliances such as lightning arresters, fuses, etc.; that there was no discovered defect in these appliances. Without quoting or commenting on this evidence it is sufficient to say that it is yet a question for the jury to say whether defendant had discharged the burden of proof cast upon it. The credibility of the explanation and its sufficiency were questions for the jury and the prima facie case of the plaintiff is not necessarily overthrown by uncontradicted evidence that the appliances were constructed and operated in a proper manner. [Curtis' Law of Electricity, sec. 592, p. 902; Kelly v. City, 185 Mo. App. 55, 60, 171 S. W. 966.]

The defendant also complains of error in instructing the jury to the effect that if plaintiff was injured by reason of a current coming through or over the telephone then it devolved upon defendant to prove that the presence of said excessive electric current was not due to its negligence in failing to use the highest degree of care in installing and maintaining said telephone. The alleged error consists in thus shifting the burden of proof to defendant to exonerate itself from negligence after a finding that plaintiff was injured in the manner mentioned. The case of Sweeney v. Erving, 228 U. S. 233, is cited as holding that, even when the doctrine of res ipsa loquitur applies, it is only a rule of evidence supplying plaintiff with proof of negligence by the mere proof of the circumstances of the injury; but that the burden of proof remains with plaintiff and is not shifted to defendant to show absence of negligence. This case does so hold and such is the law in some jurisdictions. In this State, however, the law is in accordance with the instructions given. [Price v. Met. St. Ry., 220 Mo. 435, 457, 119 S. W. 932, and cases cited.]

This disposes of all the points raised by plaintff's brief and leads to an affirmance of the judgment. *Farrington, J.,* concurs; *Cox, P. J.,* dissents.