LOIS HAMPE, A MINOR BY EVA HAMPE, HER NEXT FRIEND, RESPONDENT, v. WALTER VERSEN AND MRS. W. L. VERSEN, HIS WIFE, APPELLANTS.—32 S. W. (2d) 793.

St. Louis Court of Appeals. Opinion filed December 2, 1930.

*Wilbur C. Schwartz, J. Edward Gragg* and *Charles E. Morrow* for appellants.

*Ben Philipson* and *John A. Moore* for respondent.

HAID, P. J.—This is an appeal from a judgment for $5500 entered in favor of the plaintiff for personal injuries received by being struck by the automobile of the defendants.

The petition charged that the plaintiff had left a standing street car at Gravois avenue and Philips street and just as she had reached the roadway was struck by an automobile operated by defendant

Mrs. Walter L. Versen who was operating the same on her own behalf and as the agent and servant of Walter L. Versen.

The petition contained three specifications of negligence, (1) the operation of the automobile in violation of section 19 of the Motor Vehicles Act (Laws of Missouri 1921, extra session, p. 91) which requires every person operating a vehicle on the highways of this State to drive the same in a careful and prudent manner, and shall exercise the highest degree of care, and at a rate of speed so as not to endanger the property of another or the life or limb of any person, (2) that the operator of said car violated section 21 of the same act (p. 93) in that the operator did not stop the same at a distance of not less than five feet from the rear of the street car which was going in the same direction and which had then and there stopped for the purpose of taking on and discharging passengers and the same did not remain standing or stand until such car had taken on or discharged such passengers, and in that the operator of the car did not then and there slow down and proceed cautiously and that she carelessly passed said street car with said automobile at a distance of less than eight feet from the street car, and (3) that the operator of the car failed to comply with and violated paragraph (b) of said section 21 of the Motor Vehicles Act aforesaid, page 93, in that when said automobile was in operation it was not kept as close to the right hand side of the highway as reasonably practicable. The petition also contained a paragraph under the humanitarian doctrine.

The defendant Walter L. Versen answered, admitting the ownership of the automobile, that he kept the same for pleasure and business use and that his co-defendant was his wife. He denied, however, that his co-defendant was employed by him or engaged in his business or was using or operating the automobile at his request or under his direction and that his co-defendant was engaged in her own private business and was not the servant of nor acting under the direction of, nor at his request.

Mrs. Versen answered by general denial and by a plea of contributory negligence, in that the plaintiff carelessly and negligently, without looking for approaching automobiles, stepped from the rear door of the street car and walked or ran and attempted to cross to the north side of Gravois avenue at a point twenty-five feet east of the east pedestrian walk on Philips avenue, and walked or ran immediately in front of and into the path of the defendant's automobile which defendant was then operating and driving westwardly over the northerly side of said Gravois avenue. The plaintiff filed a reply denying generally the allegations of the answer of Mrs. Versen and denying the allegation in the answer of Walter L. Versen that Mrs. Versen was not a servant of nor acting under the direction of nor at the request of said Walter L. Versen.

At the close of the plaintiff's case and again at the close of the entire evidence, each of the defendants offered a demurrer to the evidence and these were overruled in each instance.

The first matter for determination, therefore, is whether the demurrers to the evidence were properly ruled and this makes necessary a statement of the evidence.

The testimony of the mother of plaintiff, corroborated by several persons who were passengers on the street car, is to the effect that the plaintiff and her mother were riding upon the street car which was traveling along Gravois avenue, and they caused the car to be stopped at Philips avenue and it did stop with the front end of the car at the east line of Philips avenue; that the plaintiff and her mother went to the rear of the car, the mother looked out, saw a number of automobiles standing still, told her daughter, "The road is clear, you can get off;" that plaintiff stepped to the street and while the mother had her left foot off the step of the street car and her right foot on the step, the automobile of defendants passed so close that it hit the mother's knee, threw the purse out of her hand and tore the cuff off her coat sleeve, and the front of the automobile struck the plaintiff and the plaintiff was thrown under the street car in front of the rear trucks; that previous to stopping, the street car gradually reduced its speed until it came to a stop.

The deposition of the defendant Mrs. Walter L. Versen, taken by the plaintiff prior to trial, was offered in evidence by the defendant. She testified that she was driving as fast as the street car, that the street car stopped very abruptly and she stopped too, and the plaintiff jumped off the car and jumped in front of the automobile and the front fender of the latter just touched or bumped her and she fell down, and she immediately jumped to her feet and remarked that she was not hurt; that the street car had come to a stop and the automobile had practically come to a standstill when the plaintiff walked against the fender; that no part of her automobile had passed the extreme rear end of the street car when she came to a stop; that the front part of the automobile was about even with the back end of the street car when she stopped; that she had a friend with her, whom she was taking to the friend's home; that she had nothing in her car in the way of materials, goods or groceries but had been out on a pleasure drive; that her husband owned the machine, that she had no intention of calling for him to take him home; that the brakes of the automobile were in first-class working order.

The defendants also offered in evidence the deposition of the lady who was the guest of Mrs. Versen, who corroborated the testimony of Mrs. Versen.

A consideration of this evidence clearly demonstrates that as to the defendant Mrs. Walter L. Versen, at least, there was such a con-

flict in the evidence as justified the submission of the case to the jury. [Crowley v. St. Louis & San-F. Ry. Co. (Mo. App.), 18 S. W. (2d) l. c. 543, and cases cited.]

It is contended, however, that there was no evidence that justified the submission of the case to the jury as to the defendant Walter L. Versen. In support of the contention defendants cite such cases as Hays v. Hogan, 273 Mo. 1, 200 S. W. 286; Drake v. Rowan (Mo. App.), 272 S. W. 101; Mount v. Naert (Mo.), 253 S. W. 966, and a number of other cases of similar character.

These cases do not rule the situation here. In the present case the defendant Walter L. Versen filed an answer admitting the ownership of the automobile in question. Ever since the decisions in the cases of Barz v. Fleischmann Yeast Co., 308 Mo. 288, 271 S. W. 361, and Rockwell v. Stamping Co. (Mo. App.), 241 S. W. 979, it has been held that proof of the ownership of an automobile makes a prima-facie case for plaintiff against the owner and places upon the latter the burden of proving that the driver was not using the automobile in pursuit of the business of the owner. This doctrine now applies as well to pleasure automobiles as to business vehicles. [Edwards v. Rubin (Mo. App.), 2 S. W. (2d) 205; McCarter v. Berger (Mo. App.), 6 S. W. (2d) l. c. 980.]

Has the defendant Walter L. Versen successfully borne this burden? Neither of the defendants testified at the trial but contented themselves with the introduction of the depositions of Mrs. Versen and her friend. As is recited in the statement of the evidence, Mrs. Versen testified that she had no materials, goods or groceries in the car, that she was taking her friend to the latter's home after having taken a pleasure drive and that it was just a social matter; that her husband owned the car and it was her intention to go to her own home after having taken her friend to the latter's home. As will be observed, there is absolutely no evidence in support of the allegation of the answer of the defendant Walter L. Versen that she was not engaged in his business or using or operating said automobile at his request or under his direction. But even if the evidence did support these denials of the answer of the defendant Walter L. Versen, it was still a question for the jury to determine whether or not such was the fact.

In the case of Barz v. Fleischmann Yeast Co., 308 Mo. l. c. 300, 271 S. W. 361, it was contended that because the plaintiff had offered no evidence to overcome or put in issue the evidence introduced by the defendant to the effect that the driver of the car was not acting within the scope of his employment but was bent on his own business at the time of the accident, the court said:

"This is a misconception. Respondent concedes that plaintiff made a prima-facie case. Respondent then took the laboring oar. We will

not stop to point out the glaring contradictions in the evidence. The jury, however, was not bound to believe respondent's evidence even if it had not been contradicted. [Diehl v. Fire Brick Co., 253 S. W. 984, (10).]

In Peterson v. Railroad, 265 Mo. 462, 479, 178 S. W. 182, Judge WOODSON said: 'As held in paragraph one of this opinion, the plaintiff having made out a prima-facie case, then according to the rule just announced the burden rested upon the defendant to disprove and overcome that case, to the satisfaction of the jury. That, of course, means that the jury and not the court must pass upon the credibility of the witnesses and the weight to be given to their testimony. That is, after a prima-facie case has once been made out, the case can never be taken from the jury.' (Citing many cases.)"

Under these decisions, therefore, the trial court was correct in refusing the peremptory instruction requested by the defendant Walter L. Versen. [Warren v. Mo. & Kan. Tel. Co., 196 Mo. App. 549, 196 S. W. 1030; Kelly v. Higginsville, 185 Mo. App. 1. c. 60, 171 S. W. 966.]

Defendants next complain that the court erred in the giving of certain of the instructions to the jury. The plaintiff responds that if any errors were committed in this respect, such errors were waived by the admissions in the argument of the attorney for the defendants to the jury; that the defendants are bound by such admissions and, therefore, cannot now predicate error as to such instructions.

During the course of the argument of the attorney for the defendants he said to the jury:

"There is no question about the accident. She says that herself. Counsel says that; all the witnesses say that there is no question about it. The only question is, how bad is she hurt? *That is the only question in this case. I will concede that.* I want to be fair about this injury situation. The question is, how much injuries has she got now? That is the injury situation, and that is for you gentlemen of the jury. . . . I will say to you if you are fair about the injury proposition, I say to you gentlemen I will take it and will pay the judgment . . . Now then, you retire to your jury room and consider the evidence of your case, and any judgment that you make which will be fair and liberal I will say was fair."

It has many times been held that where counsel for plaintiff, in their opening statement, state or admit facts, the existence of which precludes a recovery by their clients, the courts may close the case at once and give judgment against their clients. [Pratt v. Conway (Mo.), 49 S. W. 1. c. 1030; Wood v. Wells (Mo.), 270 S. W. 1. c. 334; Tootle v. Buckingham, 190 Mo. 1. c. 195, 88 S. W. 619; St. Louis v. Babcock, 156 Mo. 157, 56 S. W. 732; Illinois Glass Co. v. Ingraham (Mo. App.), 264 S. W. 1. c. 46.] It has also been held that although

the instructions given by the court proceeded upon the wrong hypothesis, yet in view of the opening statement of plaintiff's counsel concerning certain facts, the declarations of law, even if erroneous, were harmless and non-prejudicial (Eaton v. Curtis (Mo.), 4 S. W. (2d) l. c. 824). So it has been held that an admission by counsel for defendant during the trial of ownership of the note in question by the plaintiff was binding upon his client (Pratt v. Conway (Mo.), 49 S. W. l. c. 1030), and that an oral admission or agreement made in open court for the purposes of the trial, or hearing and preserved in the record, has the same binding force and effect as a written, signed stipulation (Dittmeier v. Laughlin (Mo. App.), 253 S. W. l. c. 780.] It has also been held that where an attorney for a defendant makes a statement as to a fact admitted and plaintiff stood mute, the latter is estopped to deny the facts disclosed by the statement. [Manion v. John Hancock Mutual Life Ins. Co. (Mo. App.), 273 S. W. l. c. 203; Walsh v. Mo. Pac., 102 Mo. l. c. 588, 14 S. W. 873, 15 S. W. 757.]

In the case of Gabbert v. Evans, 184 Mo. App. 291, 166 S. W. 635, it was held that the defendant must be held to the same theory in the appellate court as that in the trial court where the attorney for plaintiff, by his statement, limited the negligence complained of and the trial proceeded on that basis. So also it was held that where an attorney informed the court that a transcript offered in evidence was in proper form he could not thereafter object that it was not properly certified and authenticated under the laws of the United States. [State v. Levy, 262 Mo. 191, 170 S. W. 1114.]

In the case of Matousek v. Bohemian R. C. F. C. U. (Mo.), 91 S. W. 538, the court held that the appellant had not successfully borne the burden of law laid upon his shoulders of pointing out reversible error, because the trial proceeded on the concession and assumption that facts constituting *res judicata* stood confessed and, therefore, the court said:

"It is not necessary to cite authorities to sustain the proposition that positions once taken and acted on may not be thus reversed and turned topsy-turvy. Such bouleversement (to timidly borrow a word respectably introduced to this court in another case by a counselor learned in linguistics and glossology) has no place in the practical science of jurisprudence."

Does the doctrine announced in the foregoing cases apply as well to the situation here as it does to the circumstances recited in those cases? We think it does.

Section 1513, Revised Statutes of Missouri 1919, provides, that: "The Supreme Court or Court of Appeals shall not reverse the judgment of any court, unless it shall believe that error was committed

by such court against the appellant or plaintiff in error, and material-
ly affecting the merits of the action.''

In the present case the court had given its instructions submitting
to the jury the question of the negligence and the liability of the
defendants for the injuries suffered by the plaintiff, but the attorney
for the defendants, evidently convinced that the testimony war-
ranted a judgment in favor of the plaintiff, completely and volun-
tarily abandoned reliance upon the testimony and the instructions
given and conceded liability. Although we have not quoted the en-
tire argument, but have limited the quotation to the concession made,
his argument was directed solely to an effort to minimize the amount
of the verdict, about the amount of which no question is raised on
this appeal. In view of this situation can it be said that after having
limited the issue for the consideration of the jury, that he may yet
assert that error was committed by the court against his client ma-
terially affecting the merits of the action? We think not. What-
ever errors may have been committed by the court in the instructions
given, if any, were as distinctly waived by the defendants in mak-
ing the concession which was made as if they had specifically stated
that they waived all questions in the case and conceded liability but
desired to be heard only upon the amount which should be awarded
to the plaintiff. Having once taken that position and having them-
selves brought about the judgment of liability it is now too late to
withdraw such concession and complain of the court's action prior
thereto. By making the concession they condoned any error that may
have been committed by the court and, therefore, we are in no posi-
tion to hold that the verdict was the result of any action of the court
materially affecting the merits of the action. Since the defendants
themselves conceded liability, the only error committed, if any, was
their own error, of which they may not complain. In compliance
with the section of the statute before quoted our courts have uniform-
ly held that we may not reverse a judgment unless we shall believe
that error was committed by the trial court against the appellant
materially affecting the merits of the case. [Lester v. Hugley (Mo.
App.), 230 S. W. l. c. 356; Mayfield v. Geo. O. Richardson M. Co.
(Mo. App.), 231 S. W. l. c. 293; Lampe v. United Rys. Co. (Mo.
App.), 232 S. W. l. c. 255; Karagas v. U. P. Ry. Co. (Mo. App.), 232
S. W. l. c. 1105; Rosen-Reichardt B. Co. v. Chamberlain (Mo. App.),
238 S. W. 556; Murray v. St. Louis Wire & I. Co. (Mo. App.), 238
S. W. l. c. 841; Lass v. Kansas City Rys. Co. (Mo. App.), 233 S. W.
l. c. 72.]

We are confirmed in our view concerning the correctness of our
conclusion by the fact that in two cases the Supreme Court of the
State has held that admissions of counsel made before it upon ap-
peals were such as to indicate that the appellant was not injured by

1156

the proceedings complained of in the trial court and entered orders accordingly. Thus, in the case of Pate v. Dumbauld, 298 Mo. 435, 447, 250 S. W. 49, the trial court had granted plaintiff a new trial from which an appeal was prosecuted by the defendant. On the hearing in the Supreme Court the attorney for the plaintiff conceded certain facts concerning the condition of the plaintiff. The court said: "We feel legally justified in accepting as true the statement of respondent's counsel, which clearly indicates that plaintiff's conjecture as to his prior physical condition, and defendant's alleged negligence, were not well founded" and accordingly held that the trial court erred in setting aside the nonsuit and granting plaintiff a new trial.

In the case of State v. Ray (Mo.), 225 S. W. 969, 974, the prosecuting attorney, in his argument to the jury, called attention to conditions in Kansas City in respect to a reign of terror, etc., without any evidence in the case upon which to base such statement. The defendant appealed from a conviction. The defendant's attorney in his brief in the Supreme Court, referred to the fact that at the time of the murder and for some months prior thereto, Kansas City had been overrun and infested by flashlight fiends and robbers of homes and that the citizens of Kansas City at that time were terror-stricken with this condition. The court held that it felt legally justified in accepting as true the statements so made by defendant's attorney and that with the conditions conceded, the remarks of the prosecuting attorney complained of afforded no ground for reversing the case.

The plaintiff (respondent) has filed objections to appellant's supplemental abstract of record. In view of the fact that we have not found it necessary to consider the matters presented in such abstract the objections will stand as overruled.

Finding no reversible error, the judgment of the circuit court must be, and the same is hereby, affirmed. *Becker* and *Nipper, JJ.*, concur.