Thomas C. SCOTT, Plaintiff Below, Appellant,

v.

The DIAMOND STATE TELEPHONE COMPANY, Defendant Below, Appellee.

Supreme Court of Delaware.

March 8, 1968.

B. Wilson Redfearn, Wilmington, for plaintiff below, appellant.

Hugh Corroon, of Potter, Anderson & Corroon, Wilmington, for defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

The plaintiff below, Dr. Thomas C. Scott, has appealed from a judgment of the Superior Court in favor of defendant below, The Diamond State Telephone Company. The case was tried without a jury. The Court applied the doctrine of *res ipsa loquitur* but entered judgment in appellee's favor on the merits, holding that appellant "has not established defendant's liability by a preponderance of the evidence". It is this holding which appellant now questions.

On July 14, 1965, appellant received a telephone call. After the caller had said a few words, a loud explosive noise came *through* the telephone which knocked appellant off his feet. That noise was followed by a "loud siren noise". Immediately thereafter, appellant had a severe pain in his ear, followed by a continuous ringing in the ear, which still exists.

According to testimony presented by appellee, the next morning three of its employees, an installation foreman, a repair foreman, and a repairman, made an investigation and found nothing wrong of any significance. All the telephone equipment, including the lines leading into the building, was functioning properly. They tried to reproduce the sounds described by appellant, but were unable to do so. They replaced two of the five telephones at appellant's office, not because of any defects but because appellant insisted on the change. One of those removed was the one from which the noises had come. It was later examined by appellee's engineer who found nothing wrong with it. The employees also moved certain relay equipment away from an interior wall, which was not very firm, to a more solid location. This change was not made because of any defects in the equipment but to eliminate the possibility of future trouble with the relay system, since the wall would vibrate when a door was slammed, causing the bell to jingle.

Appellee's witnesses testified that they had never previously known of an episode similar to this one. It was brought out that the normal volume of electricity passing over telephone wires is far too small to cause injury. The company's safety engineer gave the opinion that an occurrence of this sort could be caused only by a sudden tremendous surge of electrical energy over the line; the only causes he could visualize for such a surge were (1) lightning striking a cable or (2) a power line above the cable breaking or sagging onto the cable. There was no indication that either of those two events actually occurred in this case.

The last complaint about appellant's telephones was made about a week before the date of this episode, at which time it was reported that the bell was not ringing properly. A repairman promptly went to appellant's office, checked the equipment, and found it to be all right.

■ Appellant relies entirely upon the rule of *res ipsa loquitur* to support his charge of negligence. He contends that, after he proved the occurrence described, the burden was shifted to appellee to prove that the event was not due to any negligence on its part; that appellee failed to sustain this burden, wherefore he is entitled to judgment. This contention implies incorrectly that the *res ipsa* rule *compels* an inference of negligence from the happening of the event. The correct view is that proof of the event permits, but does not *require* such an inference to be drawn by the trier of fact. Delaware Coach Co. v. Reynolds, 6 Terry 226, 71 A.2d 69. In that case we adopted as our own certain language from Sweeney v. Erving, 228 U.S. 233, 240, 33 S.Ct. 416, 418, 57 L.Ed. 815, as follows:

"In our opinion, *res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. * * * When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff."

As stated in Prosser On Torts (3rd Ed.) 233, the doctrine "means that the inference of negligence to be drawn from the circumstances is left to the jury. They are permitted, but not compelled to find it. The plaintiff escapes a nonsuit, or a dismissal of his case, since there is sufficient evidence to go to the jury; but the burden of proof is not shifted to his (defendant's) shoulders, nor is any 'burden' of introducing evidence cast upon him, except in the very limited sense that if he fails to do so, he runs the risk that the jury may, and very likely will, find against him".

The cases cited by appellant from other states are of little help. In one, Warren v. Missouri & K. T. Co., 196 Mo.App. 549, 196 S.W. 1030, the Missouri Court followed the "presumption" rule rather than the "inference" theory. The others deal principally with the legal problem of whether the *res ipsa* rule applies to particular factual situations, a matter not disputed in this instance.

■ Because the case was tried without a jury, we have reviewed and tested the evidence for its sufficiency to support the findings and conclusion of the trial judge. Metropolitan Mutual Fire Ins. Co. v. Carmen Holding Co., Del., 220 A.2d 778; Nelson v. Murray, Del., 211 A.2d 842.

■ The ultimate conclusion of the trial Judge—to the effect that appellant had not established appellee's liability by the preponderance of the evidence—could hardly have been intended to mean that appellant had not created an issue for the trier of fact; such a holding would be directly contrary to the doctrine of *res ipsa loquitur*. We believe the Judge meant that, after balancing the inference created by the facts of the accident against appellee's evidence, he was not satisfied that the event was due to negligence on defendant's part. He undoubtedly realized that, despite modern technical knowledge, some events occur which no one can explain, and felt that this was such an unfortunate occurrence. We are of the opinion that the evidence as a whole was ample to justify the verdict for the appellee.

The judgment below will be affirmed.