## WHITNEY vs. CLIFFORD.

*February 2 — February 20, 1883.*

*Issue in civil cases determined by preponderance of evidence.*

1. In civil cases, including actions for negligence, the issue is to be determined by the jury upon the weight or preponderance of evidence.
2. In an action for the negligent burning of lumber an instruction to the jury that if after hearing all the proof, they were "*still in doubt* where the cause came from," the defendant should not be charged with the damages, is *held* erroneous.

APPEAL from the Circuit Court for *Portage* County.

The case is thus stated by Mr. Justice CASSODAY:

"This case was here upon a former appeal. 46 Wis., 138. The plaintiff owned seven or eight hundred thousand feet of lumber, in piles, situated near the planing mill of one E. M. Copp. The defendant was the owner and in the use and occupation of a steam shingle mill, run and operated by the defendant by means of steam generated by fire,— the fire, boilers, engine, and smoke-stack being located in and upon said steam mill. This mill was about 300 feet from Copp's. It is claimed by the plaintiff that between his lumber and the defendant's mill there was considerable dry and inflammable material, of which the defendant had notice; that the smoke-stack of defendant's mill were not provided with any appliances to arrest and prevent the issuing and escape of sparks and coals of fire therefrom; and that such appliances were necessary, and that the same were not provided by reason of the carelessness, heedlessness, and negligence of the defendant; and that by reason of such negligence sparks and coals did escape and set fire to Copp's planing mill, and from thence to the plaintiff's lumber, which was thereby burned and consumed, and for which the plaintiff claims $10,000 damages. Upon issue joined a trial was had, and under the charge of the court a verdict was found for the

defendant, and from the judgment entered thereon this appeal is brought."

The cause was submitted on the brief of *G. W. Cate* and *Jones & Sanborn*, for the appellant, and on that of *Raymond & Haseltine*, for the respondent.

CASSODAY, J.   The court having, among other things, charged the jury, in effect, that it was competent for them to find, from the facts and circumstances proven, that the plaintiff's lumber was burned by fire from the defendant's mill, if they were convinced that such was the cause, even if there was no proof that the sparks were seen to come and alight and kindle on the property burned, further charged the jury as follows: " But if, after hearing all the proof upon the question, *you are still in doubt* where the cause came from, then the defendant should not be charged with the amount or damages of the injury.   In other words, you should be satisfied from the testimony that you have heard that the fire was occasioned by *Clifford's* mill, through the negligence of those having charge of it, and if you are not so satisfied you should find for the defendant."   It may have been an inadvertent use of words, but, as we construe this language of the court, it was an express direction to the jury that the defendant was not liable, if, after hearing all the proof upon the question, they were still in doubt as to where the cause of the fire came from.   Having been thus expressly directed, the jury might well infer from the words " satis- fied " and " so satisfied," in the next sentence, that before they could find for the plaintiff they must be so satisfied as to preclude all doubt that the fire was occasioned by the defendant's mill through the negligence of those having charge of it.   The words, " if  .  .  . you are still in doubt," are not even limited to a reasonable doubt.

In civil cases tried by a jury we do not understand that the law requires the jury to be convinced beyond all reason-

able doubt, much less beyond any doubt, before they are authorized to find a verdict for a party. In such cases the jury must determine the issue upon the weight or preponderance of evidence. *Blaeser v. M. M. M. Ins. Co.*, 37 Wis., 37, following *Washington U. Ins. Co. v. Wilson*, 7 Wis., 169, and *Wright v. Hardy*, 22 Wis., 348, where it was held that "in civil actions the jury should find for the party in whose favor the evidence preponderates, although it be not free from reasonable doubt, or do not exclude the truth of any other theory." In such actions it is clearly unnecessary to satisfy the jury beyond a reasonable doubt. *Kidd v. Fleek*, 47 Wis., 444. This rule has been applied to actions of negligence like the present. *Quaife v. C. & N. W. Railway Co.*, 48 Wis., 520. Where the act charged is criminal in its nature, some courts have held that the rule in criminal cases is applicable. *Welch v. Jugenheimer*, 56 Iowa, 11, and cases there cited. But this is not such a case, and hence we are not called upon to consider that question. It is the ordinary action of negligence, and if from a preponderance of the evidence the jury were convinced that the fire and injury were traceable to such negligence on the part of the defendant, and that the plaintiff was free from contributory negligence, then the plaintiff was entitled to a verdict, notwithstanding the question was not free from reasonable doubt. The plaintiff was not bound to prove his case so clearly as to exclude the possibility of any other theory. There may have been other errors in the admission of testimony, and the failure to instruct more definitely in regard to the fuel used in the defendant's mill, as claimed by counsel; but assuming that there were, yet they may not occur upon another trial, and hence it is unnecessary to consider them here.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.