## SOLOMON HOWSER *vs.* CUMBERLAND & PENNSYLVANIA RAILROAD COMPANY.

*Presumption of Negligence.*

There are some accidents from the nature of which a presumption of negligence arises, according to the maxim, *res ipsa loquitur.*

Plaintiff, while walking in a footpath along the roadbed of the defendant, but not upon its right of way, was injured by half a dozen cross-ties which fell upon him from a gondola car attached to a train passing on defendant's road. *Held,* that these facts gave rise to a presumption of negligence on the part of the defendant.

Appeal from the Circuit Court for Washington County.

This was an action to recover damages for a personal injury alleged to have been caused by defendant's negligence. The plaintiff testified that while walking home to dinner over a path usually taken by him between the railroad and some private dwelling houses in the city of Cumberland, he saw defendant's train approaching on the outside and nearest track to him, and when the train got opposite to him he saw a gondola car of said train piled up with railroad cross-ties (and he supposed there was a jar on the track) and a part of the said load of ties slipped off the car and about half a dozen of the ties fell on him and broke one of his legs in two places, and dislocated the ankle joint of the other leg and inflicted other injuries about his body, from which injuries he was laid up for a long time, and has been permanently incapacitated for labor ever since, except as to light jobs.

The city surveyor of Cumberland testified that he had made a survey of the land of the defendant near the place where the accident happened; that the land of the defendant extended to the end of the cross-ties of the defendant's

road at that place and no further, and at that point the distance between the track and the fence was nineteen feet, and that the distance from the outside rail of defendant's track to the end of the cross-ties was fifteen or eighteen inches, and that the side of an ordinary gondola car projects over the rail twenty-one inches.

The defendant offered no evidence, but at the conclusion of the plaintiff's case asked the Court to instruct the jury that "upon the pleadings in the cause and the evidence given to the jury by the plaintiff he is not entitled to recover." To the granting of this prayer by the trial court, (STAKE, J.), the plaintiff excepted, and, the verdict being for the defendant, appealed.

The cause was argued before ROBINSON, C. J., BRYAN. McSHERRY, FOWLER, PAGE, ROBERTS and BOYD, JJ.

*J. W. S. Cochrane,* for the appellant, cited: *Illinois Cnetral R. R. Co.* v. *Phillips,* 49 Ill. 234; *Scott* v. *London Dock Co.,* 3 Hurl. and Colt. 600 ; *Christie* v. *Griggs,* 2 Camp. 79; *Feital* v. *Middlesex R. R. Co.,* 109 Mass. 398; 12 Am. Rep. 720 ; *Byrne* v. *Boodle,* 2 Hurl. and Colt. 726; *Mulcarus* v. *City of Janesville,* 67 Wis. 26; *Cummings* v. *Nat. Furnace Co.,* 60 Wis. 611; *Ulrick* v. *McCabe,* 1 Hilton, 252; *Trainer's Case,* 33 Md. 554; *Beach on Cont. Neg.,* sec. 38 ; *Stringer* v. *Frost,* 116 Ind. 477 ; *Cooley on Torts,* 62 ; *N. C. Ry. Co.* v. *State,* 29 Md. 434.

*Robert H. Gordon* (with whom was *H. Kyd Douglas* on the brief), for the appellee, cited: *Sweeney* v. *R. R. Co.,* 10 Allen, 368; *R. R. Co.* v. *Griffin,* 100 Ind. 221; *Mathew* v. *Bensel,* 51 N. J. Law, 30 ; *Larramore* v. *Iron Co.,* 101 N. Y. 391; *Bedell,* v. *Berkey,* 76 Mich. 435; *Ry. Co.* v. *Barnhardt,* 115 Ind. 399 ; *Ricketts* v. *B. & O. R. R. Co.* 69 Md. 494 ; *B. & O. R. R. Co.* v. *Schroeder,* 69 Md. 556 ; *Allison's case,* 62 Md. 486 ; *Savington's case,* 71 Md. 591; *Central R. R. Co.* v. *Brinson,* 10 Geo. 207 ; 19 Am. and Eng. R. R. Cases, 42.

ROBERTS, J., delivered the opinion of the Court.

This appeal brings before us for consideration a single question, yet one of interest and some importance, the determination of which is not entirely free from difficulty. In the fall of 1892, whilst the defendant was passing from the place of his employment to his home, he walked over a foot-path on the land of William E. Walsh, in the city of Cumberland, which had been for twenty years used by various persons. This path extended along the roadbed of the appellee, but *not upon* its right of way.

As the plaintiff proceeded on his way to his home the defendant's train was approaching on the outside track, the one nearest to him. Attached to the train was a gondola car loaded with railroad cross-ties ; when the car containing the cross-ties got opposite to where he was walking, a part of the ties slipped off of the car and about a half a dozen fell upon him and broke one of his legs in two places and otherwise injured him. In the testimony he says, *"he supposed there was a jar on the track."*

The case was tried before a jury, the Court, at the instance of the appellee, instructing them "that upon the pleadings in the cause and the evidence given to the jury the plaintiff was not entitled to recover." If the defendant was entitled to recover, it was only because of the insufficiency of the proof offered by the plaintiff in that connection. We will now proceed to consider the instruction.

Whilst the general rule undoubtedly is, that the burden of proof that the injury resulted from negligence on the part of the defendant, is upon the plaintiff, yet in some cases, "the very nature of the action may, of itself, and through the presumption it carries, supply the requisite proof." *Wharton on Negligence*, par. 421.

Thus when the circumstances are, as in this case, of such a nature that it may be fairly inferred from them that the reasonable probability is that the accident was occasioned by the failure of the appellee to exercise proper caution which it readily could and should have done ; and in the

absence of satisfactory explanation on the part of the appellee, a presumption of negligence arises against it.    In the case of *Byrne* v. *Boadle*, 2 Hurl. & C., 722, the plaintiff was walking in a public street past the defendant's shop, when a barrel of flour fell upon him from a window above the shop and seriously injured him.    The Court held that these facts constituted sufficient *prima facie* evidence of negligence for the jury to cast on the defendant the onus of proving that the accident was not caused by his negligence. POLLOCK, C. B., said:  "There are many accidents from which no presumption of negligence can arise, but this is not true in all cases.  It is the duty of persons who keep barrels in a warehouse to take care that they do not roll out, and I think that such a case would, beyond all doubt, afford *prima facie* evidence of negligence.   A barrel could not roll out of a warehouse without some negligence.   So, in building or repairing a house, if a person passing along the road is injured by something falling upon him, I think the accident would be *prima facie* evidence of negligence."

Shortly after this decision, a similar case, that of *Scott* v. *London Dock Co.*, 3 Hurl. & C. 596, was decided in the Exchequer Chamber.   The plaintiff proved in this case that while in the discharge of his duties as a customs officer he was passing in front of a warehouse in the dock and was felled to the ground by six bags of sugar falling upon him. The Court said:  "There must be reasonable evidence of negligence.   But where the thing is shown to be under the management of the defendant or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

Then followed the leading case of *Kearney* v. *London, Brighton and South Coast Railway Co.*, L. R. 5, Q. B. 411. This case underwent great discussion with a view to the settlement of the true principle governing it.   The facts were,

150          HOWSER vs. C. & P. R. R. CO.

Opinion of the Court.                    [80

that the plaintiff was passing on a highway under a railway bridge when a brick fell and injured him on the shoulder. A train had passed over the bridge shortly before the accident. The bridge had been built three years, and was an iron girder bridge resting on iron piers on one side and on a perpendicular brick wall with pilasters on the other, and the brick fell from the top of one of the pilasters, where one of the girders rested on it. A motion was made for a nonsuit on the ground that there was no evidence of negligence to leave to a jury. The Court of Queen's Bench, by a divided vote, held that this was a case to which the maxim *res ipsa loquitur* was·applicable ; or, in other words, that there was *prima facie* evidence of negligence. KELLY, C. B. delivering the opinion on the appeal, said : "We are all agreed that the judgment of the Queen's Bench must be affirmed  *  *  *  The question, therefore, is whether there was any evidence of negligence on the part of the defendants, and by that we all understand such an amount of evidence as to fairly and reasonably support the finding of the jury. The Lord Chief Justice, in his judgment in the Court below, said *res ipsa loquitur*, and I cannot do better than to refer to that judgment. It appears, without contradiction, that a brick fell out of the pier of the bridge without any assignable cause except the slight vibration caused by a passing train. This, we think, is not only evidence, but conclusive evidence, that it was loose; for otherwise so slight a vibration could not have struck it out of its place. No doubt it is humanly possible that the percussion of the iron girder, arising from expansion and contraction, might have gradually shaken out the mortar, and so loosened the brick; but this is merely conjecture. The bridge had been built two or three years, and it was the duty of the defendants, from time to time, to inspect the bridge and ascertain that the brickwork was in good order and all the bricks well secured. If there were necessity for other evidence, the case·is made still stronger by the evidence of the plaintiff which was uncontradicted on the part of the defendants, that after the accident on fit-

ting the brick to its place several other bricks were found
to have fallen out."

And, again, in the case of *Briggs* v. *Oliver*, 4 Hurl. &
C. 403, the plaintiff, going to a doorway of a house in which
the defendant had offices, was pushed out of the way by his
servant, who was watching a packing-case belonging to his
master and was leaning against the wall of the house.    The
plaintiff fell, and the packing-case fell on his foot and in-
jured him.    There was no evidence as to who placed the
packing-case against the wall or who caused it to fall.    The
Court held that there was a *prima facie* case against the de-
fendant to go to the jury.

We have made full reference to the foregoing cases as
showing the views of the English Courts upon this ques-
tion.    These and many other English and American cases
clearly establish the fact that it is not requisite that the
plaintiff's proof, in actions of this kind, should negative all
*possible* circumstances which would excuse the defendant,
but it is sufficient if it negatives all *probable* circumstances
which would have this effect.    *Thompson on Negligence*,
1229.    It is also well settled that the cause of accident
must be connected with the defendant, either by direct evi-
dence that it is his act, or that it is under his control, be-
fore it can be presumed that he has been negligent.    *Higgs*
v. *Maynard*, 12 Jur. N. S. 705 ; *Welfare* v. *L. B. & S. C.
Ry.*, L. R. 4 Q. B. 693 ; *Smith* v. *G. E. Ry. Co.*, L. R. 2 C.
P. 10.    When, however, there is no duty upon the plain-
tiff, as under the facts of this case, or when the duty which
he has to perform has been performed by him, it is clear
that the negligence of the plaintiff is out of the question,
and if the accident is connected with the defendant the
question whether the phrase *"res ipsa loquitur"* applies or
not becomes a question of common sense.    *Whittaker's
Smith on Negligence*, 422.

The American cases sustaining the maxim *res ipsa loquitur*
are numerous and to the point.    In the case of *Cummings* v.
*The National Furnace Co.*, 60 Wis. 603, the defendant company

was engaged in unloading iron ore from a vessel by means of a crane to which was attached a bucket.  Whilst so engaged the bucket tipped and threw its contents upon a seaman lawfully working upon the deck of the vessel.  The Court said : "The accident itself was of such a character as raised a presumption of negligence either in the character of the machinery used or in the care with which it was handled, and as the jury found the fault was not with the machinery, it follows that it must have been in the handling, otherwise there is no rational cause shown for its happening.

The leading American case, however, appears to be *Mullin* v. *St. John*, 57 N. Y. 567.  The opinion of the Court was delivered by DWIGHT, C., and is a most able and exhaustive examination of the subject.  He cites with approval many of the English and American cases, to which reference is made in this opinion.  The case was one in which the walls of a building, without any special circumstances of storm or violence, fell into one of the streets of the city of Brooklyn, knocking down the plaintiff, who was on the sidewalk, and seriously injuring her.  The Court said : "There was some evidence tending to show that it was out of repair.  Without laying any stress upon the affirmative testimony, it is as impossible to conceive of this building so falling, unless it was badly constructed or in bad repair, as it is to suppose that a seaworthy ship would go to the bottom in a tranquil sea and without collision.  The mind necessarily seeks for a cause for the fall.  That is apparently the bad condition of the structure.  This again leads to the inference of negligence, which the defendant should rebut."

To like effect are *Lyons* v. *Rosenthal*, 11 Hun. 46 ; *Edgerton* v. *N. Y. & H. R. R. R. Co.*, 39 N. Y. 227 ; *Krist* v. *M. L. S. & W. R. Co.*, 46 Wis. 489 ; *Smith* v. *Boston Gas Light Co.*, 129 Mass. 318 ; *Claw* v. *National City Bank*, 1 Sweeney, 539 ; *Brehm* v. *Great Western, &c.*, 34 Barb. 256 ; *Sullivan* v. *Vicksburg, Shreveport and Pacific R. Co.*, 39 La. Ann, 800 ; *Hays* v. *Gallagher*, 72 Pa. St. 136 ;

*Thomas* v. *W. U. Telegraph Co.*, 100 Mass. 156 ; *Dixon* v. *Pluns*, 98 Cal. 384.

We have referred to numerous cases as illustrating the views which we entertain, because the question on this appeal has not heretofore been determined by this Court. Cases resting in contract have frequently received our consideration, and they are generally free from difficulty, because the mere happening of the accident will be *prima facie* evidence of a breach of contract without further proof, while in those not resting in contract "it must not only appear that the accident happened, but the surrounding circumstances must be such as to raise the presumption of a failure of duty on the part of the defendant toward the plaintiff." Article, *Res ipsa loquitur*, by Judge Seymour D. Thompson in 10 C. L. J. 261. None of the cases herein relate to those resting in contract.

In all cases of the character we have been considering, the most careful scrutiny should be given to the circumstances attending the accident, and whilst an excellent authority has said that after all the question resolves itself into one of common sense, we would add that it should be of a high order. For it is unquestionably true that the authorities are by no means in accord on the question which arises out of the doctrine of *res ipsa loquitur*.

The facts of this appeal are very meagre, but they by no means lie on the border line, nor even close to it. Here you find the plaintiff traversing a path over which the defendant had no dominion, for the plaintiff was rightfully there. The defendant moves its cars over its roadway along said path, and from a gondola car there slips an half dozen railroad cross-ties falling upon the plaintiff and seriously injuring him.

The plaintiff was guilty of no negligence in being where he was at the time he was injured, and in so far as the defendant's rights are involved, the principle is the same whether he was on the land of Mr. Walsh or on his own land. The accident happened at the hour of noon, as the

plaintiff was on his way to his dinner.  There is no conten-
tion that it did not happen just as the plaintiff has himself
represented.  The plaintiff had no control over, nor was he
in any way connected with the loading or management of
the cars or trains upon defendant's road.

If the cross-ties had been properly loaded there existed
no reasonable probability of their falling off.  A cross-tie
is defined to be a sleeper, connecting and supporting the
parallel rails of a railroad.  Stand. Dict. 444.  Its figure
and dimensions are familiar, and its flat surfaces and weight
illustrate how readily they can be loaded so as to form an
almost compact body of wood, if reasonable care be exercised
in placing them on the flat bottom of the car, and proper
lateral support be given them.  If by accident, the ties had
become displaced, it was a duty incumbent upon the de-
fendant and its servants to have readjusted them in such
manner as to have prevented the happening of an accident.
It was the duty of the defendant and its servants to have
carefully loaded said cross-ties upon its cars and it was
equally its duty to have exercised reasonable care in seeing
that its train was transported in such condition as to avoid
all reasonable probability of injury.

If the presumption arising out of the doctrine of *res ipsa
loquitur* finds proper application anywhere, we think this is
a case in which it should be applied.  In conclusion, taking
the proof as we find it in the record, we think the case should
have been permitted to go to the jury with proper instruc-
tions from the Court.

The judgment must be reversed.

*Judgment reversed and new trial
awarded.*

(Decided December 18th, 1894.)


McSHERRY, J., dissented and delivered the following opin-
ion, in which FOWLER, J., concurred :

I am constrained to dissent in this case, and I will state
very briefly my reasons for the opinion I have formed.

An accident happened and the plaintiff was injured.   There was no relation of passenger and carrier existing between the plaintiff and the defendant, and there was no proof of any antecedent negligence on the part of the defendant, and no proof as to what caused the cross-ties to fall from the moving cars.   Under these circumstances the court below, properly I think, took the case from the jury; but a majority of this court now reverse that ruling and hold that there was sufficient evidence for the jury to consider on the question of negligence.

The plaintiff was not a passenger.   As I understand the repeated rulings of this Court it is the settled law in Maryland that when that relation does *not* exist no presumption of negligence can ever arise from the mere fact that an injury has been sustained.   Something more must be shown. Where the defendant is under no contractual obligation to the plaintiff the mere occurrence of an accident resulting in injury furnishes no evidence of causative negligence on the part of the defendant.   This principle is well illustrated in *Hammock* v. *White*, 11 C. B. N. S. 588.   It is incumbent, therefore, on the plaintiff in such cases not only to show an injury, but also to show that the defendant had been guilty of some negligence which produced that injury. There must not only be negligence, but, between that negligence and the injury complained of, there must be the relation of cause and effect.   Negligence which produces no injury furnishes no right of action, and an injury not caused by any negligence cannot justify a recovery.   Proof, then, of both the injury and the negligence which caused it must be given.   They are both indispensable constituents of the plaintiff's case, and proof of the one cannot, in the absence of a contractual duty, establish the existence of the other, unless, in obedience to some unvarying physical law, you can say with unerring certainty that the given effect necessarily proceeded from a particular, exclusive cause.   If, consistently with known laws, a particular effect could not exist, except as the result of a single cause, then, when the effect does

exist, that single cause and no other must, in the nature of things, have produced it; and to that extent proof of the effect is proof of its cause, or of what its cause was. But if the effect could have resulted from any one of several causes, then, it is obvious, that something more than the effect itself is required to be shown before it can be determined from which one of those several causes the given effect did in fact, in the particular instance, proceed. More especially is this so if, of these several causes, some are of such a nature that they impose no obligation on the defendant at all. It seems to me, then, to follow that where the injury could have happened in consequence of an accident pure and simple, unmixed with negligence, and for which and its consequences the defendant is not responsible, and where it could, under the proven facts, equally have happened as the result of actionable negligence for which the defendant would be responsible, and there is no evidence to show that it did *not* happen or *could not* have happened, by sheer accident; or, that it *did* happen, or *could only* have happened as the result of negligence; the plaintiff upon whom the burden to show *how* it did happen always rests, would fail to sustain his case. And he would fail, because his proof in the case supposed would be as consistent with the hypothesis that the injury was caused by non-actionable accident, as with the opposite theory that it was caused by actionable negligence.

Now, in the case at bar, the only evidence is that as the freight train approached the plaintiff, who was walking towards it just outside the right of way, he thought he saw a jar on the track, as he expressed it, and the cross-ties fell off from the moving car when it was opposite to him, and struck and injured him. There is no evidence in the record that these ties had been improperly loaded on the car; or to show when, where or by whom they were loaded; or how far they had been hauled; or to show that the car upon which they had been loaded was out of repair; or that the track was not in proper and safe condition; or that

the employees of the defendant were unskilful, careless or incompetent. The naked fact that the ties fell off whilst the car was in motion is all the evidence. that was adduced. If it had been shown, or could rightly be assumed as a fact established by known and admitted physical laws, that these ties could not have fallen off at that particular place, except *because* they had been negligently loaded, or *because* of some other negligence on the part of the defendant, I concede there would then have been sufficient evidence before the jury to justify them in concluding that there had been antecedent negligence which, through the falling of the ties, caused the injury ; because then, the probability of the existence of a non-actionable accident as the cause of the injury would necessarily be prescinded. But with the numerous probabilities existing that the same result could have happened, though there had been no anterior negligence, the jury, if allowed to consider the case at all, would have been at liberty to speculate between these conflicting probabilities, none of which were excluded by the proven facts, and to base a verdict, at best, upon mere conjecture.

The cases relied upon by the appellant are distinguishable from the one at bar. Take, for example, the case of *Byrne* v. *Boodle*, 2 Hurl. & Colt. 726. There the barrel rolled out of the warehouse and fell upon a person rightfully passing along the public thoroughfare below, and though no evidence was offered to show what caused the barrel to roll out, the case was allowed to go to the jury upon the theory, I take it, that according to the fixed laws of dynamics it was physically impossible for the barrel to roll at all without the application of some force which must have been applied on the defendant's premises, whilst those premises were so unguarded as to permit the barrel to roll out of the door. Had the door not been left open, when it ought to have been closed, or at all events ought to have been protected by a servant or watchman, the barrel could not have rolled out as it did. Allowing the door to remain open or unguarded was an act of negligence. Now, negligence in

the abstract is a nullity, but in the concrete it is either positive or negative; that is to say, it consists either in the doing of some act which ought not to have been done, or in the omission to do some act that ought to have been done. In both instances it is the breach of a duty that is owed to another. In the barrel case the plain duty which the owner of the warehouse owed to the public, and to every individual who was entitled to use the public street, was to keep the door so closed or guarded that a barrel could not roll out in the way it did roll out, no matter how it received the impetus; and the failure to do this was clearly an act of negligent omission which directly caused the injury. Had the omitted duty been observed it was physically impossible for the barrel to roll out as it did. But the case at bar is widely different.

It does not follow that because the logs fell off the car they were negligently put on; for, though properly loaded, they may have become displaced, without neglegence, by the jarring incident to a moving train; or, by other means, they might have fallen without involving a breach of duty toward any one, and, therefore, without involving antecedent negligence. To conclude that there was negligence because an injury happened is to assume, as proved, the very fact to be proved. It seems to me, then, that some evidence tending to show negligence ought to have been adduced, and that the Court below was right in withholding the case from the jury upon the failure of the plaintiff to adduce such additional evidence.

I am authorized by JUDGE FOWLER to say that he concurs in these views.