CITY GROCERY CO. v. SAM COTHRON.

157 So. 891.
Opinion Filed November 30, 1934.

*Fred B. Noble* and *S. S. Blondheim,* for Plaintiff in Error;

*Will O. Murrell* and *L. W. Nelson,* for Defendant in Error.

DAVIS, C. J.—This was an action for personal injuries received by Sam Cothron as a result of being struck by defendant's truck while standing on a street in the City of Jacksonville. The trial court sustained as against a de-

murrer, plaintiff's declaration which alleged that the defendant corporation owned the truck and that at the time and place said truck is alleged to have negligently inflicted the personal injuries sued for, that it was being operated with defendant's knowledge and consent. Trial was had on issues made up on certain pleas and a verdict returned and judgment entered in plaintiff's favor for $3,000.00. New trial being denied, writ of error was sued out to this Court. Oral argument was heard on a motion to dismiss at which both parties appeared and were heard on the merits.

For the purpose of this appeal plaintiff in error's brief concedes the negligence of the driver of the truck at the time it struck plaintiff. Counsel therefore confines his defense entirely to the proposition that it was not sufficiently established by the evidence that the truck which struck plaintiff, was at the time owned by defendant and being driven at the time and place involved, with defendant's knowledge and consent, as averred in the declaration and put in issue by the pleas.

It was established by the evidence that the plaintiff was struck by a truck driven at the time by one Ben Frazier, who, plaintiff testified, in response to a question asked by the trial judge himself, was working during that period as an extra helper and driver for City Grocery Company. The truck operated by Frazier was identified by other witnesses as having painted on its side the name, "City Grocery Company," the name of defendant. A jury of reasonable men was therefore warranted in drawing the inference that a truck identified as a City Grocery Company truck being driven by a man also identified at the time as being in the employ of the company as an extra driver of its trucks, was being operated with the knowledge and consent of the defendant, City Grocery Company, so as to render the defendant liable for the driver's negligence, in the ab-

'sence of some countervailing proof on behalf of defendant sufficient to convince the jury that the truck was being operated at that time contrary to defendant's express or implied permission.

In other words, the evidence, though largely circumstantial on plaintiff's side, was sufficient to make it a question for the jury to determine whether or not the alleged negligent act was within the defendant's responsibility under the circumstances.

Circumstantial evidence is equally cogent in civil cases as in criminal cases. And where the circumstances alone unexplained would warrant a verdict for plaintiff, contradictions of same by contrary evidence offered by defendant simply raise a controverted question of fact for jury to determine as a factual issue in the case.

Other errors assigned and argued, if established, are not shown to have been harmful under the circumstances disclosed by the whole record, therefore the judgment should not be disturbed therefor.

Affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.