COASTER AMUSEMENT COMPANY v. FLO SMITH, a minor, by FLORA SMITH, as her next friend.

194 So. 336
Division A
Opinion Filed February 20, 1940
Rehearing Denied March 18, 1940

*Charles Cook Howell* and *Charles Cook Howell, Jr.,* for Plaintiff in Error.

*Evan T. Evans,* for Defendant in Error.

BUFORD, J.—Writ of error brings for review judgment in favor of the plaintiff for injuries received by the alleged negligent operation of a device known as a roller coaster.

The record shows that while plaintiff was riding on this amusement device the car in which she was riding was by some means caused to perform a sudden and unusual jerk and lunge and to sway with a sudden, violent and unusual course from one side to the other, which threw the plaintiff from the car and caused her injury.

Three questions are presented by plaintiff in error, defendant in the court below, as follows:

"1. When, in a suit for personal injuries sustained by the plaintiff in being thrown from a 'roller coaster' as it gave an unusual lunge, the same evidence which shows the injury and that it was caused by a device under the defendant's exclusive control, shows also that the defendant had neither actual nor constructive notice of any defects in the device, does the doctrine of *res ipso loquitur* apply?"

"2. If, under the circumstances stated in the preceding question, the doctrine is applicable, can it support a verdict for the plaintiff in spite of explanatory testimony by the defendant which is neither contradicted nor impeached by the plaintiff."

"3. If the doctrine is so applicable, should the court charge the jury concerning it, even though the defendant has offered such explanatory testimony?"

As a basis for the contentions presented by those questions, the plaintiff in error says:

"It appeared, from the defendant's testimony, but without contradiction, that on the night the plaintiff was injured 1236 persons rode the roller coaster without injury or mishap of any sort. The plaintiff, therefore, was not only the only unfortunate one of the group of six who were in

the car with her; she was also the only unfortunate one in that crowd of 1236 thrill seekers.

"And from the defendant's testimony, it also appeared, and also without contradiction or impeachment, that the entire roller coaster device was overhauled and all necessary repairs or replacements made in March preceding the injury in June; that no repair work had since been necessary; that in the month of June the track and cars were inspected every day and no defects in either had been found. The car in which the plaintiff was riding when hurt was inspected immediately after the accident, nothing was wrong with it, nothing was out of fix about it. Next morning the track was inspected—nothing was wrong with it, nothing was out of fix about it. The next night, the same car ran and hauled patrons over the same track, no repairs or replacements of any sort having been made since the plaintiff's accident—and no mishap occurred that night.

"As stated, none of this testimony was contradicted nor was any witness giving it impeached—indeed no attempt was made to do either."

The infirmity of the contention of plaintiff in error is that on the trial it gave no explanation of the cause of the unusual action of the roller coaster which resulted in the injury complained of.

The proof shows conclusively that the roller coaster did just what plaintiff said it did and after the defendant proceeded to offer evidence tending to prove that the particular car or coaster involved was in perfect mechanical condition and gave no explanation of the cause of the unusual gyrations of it, the jury was warranted under such condition to draw the reasonable inference that there was a cause for the occurrence for which the defendant was responsible.

In the case of American District Electric Protective Co. v. S. A. L. Ry. Co., 129 Fla. 518, 177 Sou. 294, we held:

" '*Res ipsa loquitur*' is not a substantive rule of law, but is rather a rule of evidence and permits jury, but not court in a jury trial, to draw inference of negligence, where instrument causing injury is shown to have been under exclusive management and control of party charged with negligence, and an accident has occurred from it that under circumstances of due care would not have occurred in the ordinary course of events, except for negligent handling by party having control of instrument causing injury."

"Doctrine of '*res ipsa loquitur*' is that, where thing which caused injury complained of is shown to be under management of defendant, or his servants, and accident is such as in ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in absence of explanation by defendant, that accident arose from want of care."

In Feldman v. Chicago Rys. Co., *et al.*, 289 Ill. 25, 124 N. E. 334, it is said:

"The rule is that negligence is never presumed, but that the circumstances surrounding the case where the maxim of *res ipsa loquitur* applies amount to evidence from which the facts of negligence may be found; that is, in a case within the maxim of *res ipsa loquitur,* proof of the circumstances of such case and of the injury constitutes a *prima facie* case of negligence, and will justify a verdict unless such *prima facie* case is overcome by proof showing that the party charged is not at fault. Chicago Union Traction Co. v. Giese, *supra;* Chicago Union Traction Co. v. Newmiller, 215 Ill. 383, 74 N. E. 410; Chicago City Railway Co. v. Rood, 163 Ill. 477, 45 N. E. 238, 54 Am. St. Rep. 478; New York, Chicago & St. Louis Railroad Co. v. Blumenthal, 160 Ill. 40, 43 N. E. 809; Hart v. Washington Park

Club, 157 Ill. 9, 41 N. E. 620, 29 L. R. A. 492, 48 Am. St. Rep. 298. The burden rested upon defendants in error to overcome the presumption of negligence arising from the circumstances in this case. The record contains no evidence explaining the cause of the accident or overcoming the presumption of negligence. We are of the opinion, therefore, that the plaintiff in error was at the time of the injury a passenger, to whom defendants in error owed the highest degree of care, and that under the first and second counts of the declaration and the circumstances in this case a *prima facie* case of negligence was made out under the doctrine of *res ipsa loquitur*. There was no explanation of why the injury occurred. It follows that there was no evidence on the part of the defendants in error to overcome this presumption, and the jury were therefore justified in returning a verdict finding defendants in error guilty of negligence."

In Bressler v. New York Rapid Transit Corporation, 277 N. Y. 200, 13 N. E. (2) 772, the Court held:

"These facts in themselves made out a *prima facie* case of negligence, which means that, in the absence of explanation showing freedom from negligence, the law would hold the railroad company liable. This is known as the law of *res ipsa loquitur,* and was stated by us in Bressler v. New York Rapid Transit Corporation 270 N. Y. 409, 1 N. E. (2) 828, to be applicable here. Upon this theory the plaintiff has retried this case and proved these facts.

"The defense undertook to meet the presumption arising from the happening of the accident itself, and offered testimony that the glass was broken by boys on the outside throwing stones against it. The trial judge properly left the question of fact to the jury."

In Warren v. Missouri & Kansas Telephone Co., 196 Mo. App. 549, 196 S. W. 1030, it was held:

"The defendant introduced evidence tending to show absence of negligence on its part; that it used a high degree of care in maintaining and operating its telephone system, and had in use safety appliances, such as lightning arresters, fuses, etc.; that there was no discovered defect in these appliances. Without quoting or commenting on this evidence it is sufficient to say that it is yet a question for the jury to say whether defendant had discharged the burden of proof cast upon it. The credibility of the explanation and its sufficiency were questions for the jury, and the *prima facie* case of the plaintiff is not necessarily overthrown by uncontradicted evidence that the appliances were constructed and operated in a proper manner. Curtis Law of Electricity, Sec. 592, p. 902; Kelly v. City, 185 Mo. App. 55, 60, 171 S. W. 966."

In Fitzgerald v. Southern Ry. Co., 141 N. C. 530, 54 S. E. 391, it was held:

"It is very generally held that direct evidence of negligence is not required, but the same may be inferred from facts and attendant circumstances, and it is well established that if the facts proved establish the more reasonable probability that the defendant has been guilty of actionable negligence, the case can not be withdrawn from the jury, though the possibility of accident may arise on the evidence. Thus, in Shearman & Redfield on Negligence, Sec: 58, it is said: 'The plaintiff is not bound to prove more than enough to raise a fair presumption of negligence on the part of defendant and of resulting injury to himself. Having done this, he is entitled to recover, unless the defendant produces evidence to rebut the presumption. It has sometimes been held not sufficient for the plaintiff to establish a probability of the defendant's default, but this is going too far. If the facts proved render it probable that the defendant violated its duty, it is for the jury to decide whether

it did so or not. To hold otherwise would be to deny the value of circumstantial evidence. As already stated, the plaintiff is not required to prove his case beyond a reasonable doubt, though the facts shown must be more consistent with the negligence of the defendant than the absence of it. It has never been suggested that the evidence of negligence should be direct and positive. In the nature of the case, the plaintiff must labor under difficulties in proving the fact of negligence, and as that fact itself is always a relative one, it is susceptible of proof by evidence of circumstances bearing more or less directly on the fact of negligence, a kind of evidence which might not be satisfactory in other classes of cases open to clear proof. This is on the general principle of the law of evidence which holds that to be sufficient and satisfactory evidence which satisfies an unprejudiced mind.' In accordance with this general doctrine, in the well considered case of Howser v. Railroad, 80 Md. 146, 30 Atl. 906, 27 L. R. A. 154, 45 Am. St. Rep. 332, Roberts, J., says: 'These and many English and American cases clearly establish the fact that it is not requisite that the plaintiff's proof in actions of this kind should negative all possible circumstances that would excuse the defendant. It is sufficient if it negatives all probable circumstances that would have this effect.' In Whitney v. Clifford, 57 Wis. 156, 14 N. W. 927, Cassady, J., said: 'The plaintiff is not required to prove his case so clearly as to exclude the possibility of any other theory.' In Stepp v. Railroad, 85 Mo. 229, it is held: 'Direct evidence of the want of the exercise of due care is not to be required to be produced. * * * Surrounding circumstances may afford as conclusive proof as direct evidence. Applying these rules of the case before us we think the plaintiff was clearly entitled to have his cause submitted to a jury and the motion to nonsuit the plaintiff was properly overruled.' "

In Orr v. Avon Florida Citrus Corporation, 130 Fla. 306, 177 Sou. 612, we said:

"On the question of negligence, the evidence is in conflict. Some of it would indicate that Anderson's front wheels were about two feet on the pavement when his car was struck by Pendleton's truck, while other evidence would indicate that he had rolled up to the pavement at the intersection. It is shown that Pendleton was driving very fast and that Anderson did not see him before his car was struck. We express no judgment as to what caused Pendleton's truck to veer to the opposite side of the road but this was a jury question and certainly the entire evidence was such that it should have gone to them on this point.

"The evidence of negligence is aided in this case by the application of the rule of *res ipsa loquitur*. At the point where the accident took place, the road was paved with asphalt, was perfectly straight, was eighteen feet wide, and there was little or no obstruction. Mr. Orr was on his side of the road, was driving at a moderate rate of speed and it was about nine o'clock in the morning on a clear day. It was the province of the jury to take these physical facts and, aided by the evidence, determine whether this tragedy was a clear unavoidable accident or whether it was due to the negligence of some one and if so, who should be liable.

"Under our system of jurisprudence, trial by jury is an organic right and should under no circumstances be denied. The matter of directing a verdict is a most delicate one and should be indulged with great caution. A verdict should not be directed for one party unless the evidence is such that under no view of it, a verdict could be rendered for the opposite party. If the evidence is conflicting and will admit of more than one interpretation, if it consists of mysterious or unexplained circumstances, these should be resolved by a jury rather than the court. City Grocery Co. v. Cothron,

117 Fla. 322, 157 Sou. 891; Starks v. Sawyer, 56 Fla. 596, 47 So. 513; Commercial Credit Co. v. Parker, 101 Fla. 928, 132 So. 640; Harbeson Lumber Co. v. Cosson, 116 Fla. 495, 156 So. 482."

In City Grocery Co. v. Cothron, 117 Fla. 322, 157 Sou. 891, we said:

"Circumstantial evidence is equally cogent in civil cases as in criminal cases. And where the circumstances alone unexplained would warrant a verdict for plaintiff, contradictions of same by contrary evidence offered by defendant simply raise a controverted question of fact for jury to determine as a factual issue in the case."

In Best Park & Amusement Co. v. Rollins, 192 Ala. 530, 68 Sou. 417, it was said:

"In his oral charge to the jury the trial judge instructed them, without objection from defendant, that the relationship of the parties was that of common carrier and passenger, and that defendant owed her the duty to exercise the highest degree of skill and care (for her protection and comfort while she was a passenger on its car) known to common carriers of passengers. Afterwards, at the instance of plaintiff, he gave the following written charge:

" 'The law imposes upon a common carrier of passengers for hire or regard the duty of exercising the highest degree of care and skill known to persons engaged in the business of common carriers, and holds such common carriers responsible for the slightest negligence resulting in injury to one of its passengers.'

"It may be a question of grave doubt whether the operation of a 'scenic railway' in an amusement park, such as we are concerned with here, can be properly designated as a common carrier of passengers. But obviously the measure of care to be observed in their operation must depend upon the perils to which passengers thereon are ordinarily ex-

posed, and this will, in turn, depend upon the character of the track and cars and their mode of operation. A collection of the cases of injuries received by the patrons of amusement parks in the use of scenic railways and other devices will be found in 1 Neg. Cas. Ann. 609, and in 4 Id. 46.

"Perhaps the leading case on this subject is O'Callaghan v. Dellwood Park Co., 242 Ill. 336, 89 N. E. 1005, 26 L. R. A. (N. S.) 1054, 134 Am. St. Rep. 331, 17 Ann. Cas. 407. As to the conditions specified, that case was not materially different from the case in hand. It was there said:

" 'The passengers carried therein are subject to great risk of life and limb. The steep inclines, sharp curves and great speed necessarily are sources of peril. * * * We think, not only by fair analogy but on reason and sound public policy, appellant should be held to the same degree of responsibility in the management of the railway in question as a common carrier.'

"And an instruction was approved which imposed upon the operator of the miniature railroad 'the highest degree of care and caution for the safety of its passengers * * * consistent with the mode of conveyance and the practical operation of the railway.' This is the measure of care required of common carriers in this state (B. R. L. & P. Co. v. Barrett, 179 Ala. 274, 282, 60 South. 263) and hence the charge complained of was abstractly correct and its giving could not therefore work a reversal of judgment."

In Sand Springs Park v. Shrader, 82 Okla. 244, 198 Pac. 983, 22 A. L. R. 593, it was held:

"When two cars on a scenic railway collide by the one in the lead ceasing to go forward, but receding and colliding with the one following it, and in a suit for personal

injuries by one injured by such collision the court applies the doctrine of *res ipsa loquitur* to such facts, and instructs the jury that the proof of the collision raises a presumption of negligence on the part of the owners and operators of said railway, and thereby makes out a *prima facie* case of negligence on the part of said owners and operators, but which presumption the said owners and operators may rebut by proofs sufficient to show they were not guilty of negligence, held, such instruction is a proper application of the law, and was not erroneous. Held further, that the owners and operators may rebut this presumption of negligence by either showing the actual cause of the accident, so the jury can determine whether or not such cause could be discovered by proper inspection, or they may show that the inspection made was so careful that no defect discoverable by inspection could be overlooked."

In Castle v. River View Park Co., 292 Ill. App. 635, 11 N. E. (1) 135, the headnote reads:

"Evidence *held* insufficient to authorize recovery for injuries sustained by passenger who was thrown from car on roller coaster in amusement park as alleged result of sudden lurch of car as it descended incline caused by debris on the track, although liability in operation of such roller coaster was that of a 'common carrier' and doctrine of *res ipsa loquitur* was applicabale."

In this case the only point apparently decided is that the liability in operation of a roller coaster was that of a common carrier and that the doctrine of *res ipsa loquitur* is applicable.

In Durbin v. Humphrey Co., 133 Ohio St. 367, 14 N. E. (2) 5, it was said:

"One of the grounds of negligence alleged in the petition in the instant case is that the amusement device was operated 'at such a rate of speed as to cause the plaintiff

to be thrown about in said car.' The evidence is to the effect that appellee had ridden on this device a number of times before; that on the occasion complained of the speed of operation was more rapid and the force of the tilting and resulting jolt were more violent than ever before; that the unusual rapidity of the speed and the violence of the jolts threw appellee out of her seat; and that her companion, who sat next to her, was similarly affected.

"The question whether the speed, method and manner of operation, and the character and force of the jolts, were consistent with the exercise of due care under the circumstances, and their causative relation to appellee's injuries, are questions of fact for the jury. The evidence here adduced, as disclosed by the record, is not such as to warrant a trial court in saying that reasonable minds could reasonably be of one accord as to the inferences to be drawn therefrom. On the contrary, it is our opinion that the evidence is such that it is reasonably possible for impartial men and women to fairly draw different conclusions therefrom. A motion to arrest such testimony from the jury should not be sustained."

So it is that we think that each of the questions hereinbefore quoted must be answered, as they were answered in the court below, affirmatively.

Having reached this conclusion, and having examined the record and finding no reversible error disclosed thereby, the judgment should be and is affirmed.

So ordered.

WHITFIELD, BROWN, CHAPMAN and THOMAS, J. J., concur.

TERRELL, C. J., dissents.