## WILLIAMS et al. v. UNITED STATES.
### Civ. Nos. 288, 289.

United States District Court,
N. D. Florida, Marianna Division.
Oct. 23, 1953.

---

John H. Carter, Ben F. Barnes, Marianna, Fla., for plaintiffs.

Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., for defendant.

DE VANE, Chief Judge.

Plaintiffs in these cases seek damages from the United States for injuries suffered as the result of a tragic airplane accident that happened in Marianna, Florida on July 22, 1952. These suits were filed under the Federal Tort Claims Act, 28 U.S.C. Sections 1346, 2671–2678, 2680.

The complaints allege and the evidence shows that on July 22, 1952 at about 7:25 a. m. a B–47 Strato-Jet bomber airplane of the United States Air Force caught fire, exploded and disintegrated above the city of Marianna, Florida and some of its parts and contents, including a quantity of inflammable substance fell to the earth with great force, violence and concussion near the dwellings where Herman Floyd Williams and his family and W. C. Segers and his family resided.

When the parts of the airplane hit the ground near the Williams and Segers residences inflammable substance in character was scattered over a large area, was ignited and created intense heat and flame, which enveloped two minor children of the Williams family, who were burned so severely they died shortly after arrival at a hospital. The explosion, which occurred approximately 5,000 feet above the ground, scattered considerable inflammable material in the air, which caught fire. The explosion was so loud and violent at the time it occurred that it produced some panic among the residents around the Williams and Segers residences, causing many of the residents in the neighborhood to rush out of their homes and flee for safety. Some of the inflammable material, which was afire, fell upon Alma G. Segers in the course of her flight and she was severely burned. Minor burns were also inflicted upon Mrs. Williams as she attempted to make her escape. A number of fires were started by the explosion. All Air Force personnel in charge of the airplane were killed in the accident. The evidence shows that the airplane was stationed at McDill Field, which is a large Air Force Base located near Tampa, Florida, from whence it had flown that morning.

The issues in these cases were framed prior to the decision of the Supreme Court in Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956. In the trial of these cases plaintiffs were unable to prove any "negligent or wrongful act or omission" of any employee of defendant and rested their cases upon the doctrine of *res ipsa loquitur*, citing numerous cases in support of this position. The doctrine of res ipsa loquitur is applicable in tort cases in Florida and if these are the type of cases, under the Tort Claims Act where it may be invoked, it is applicable and controlling here. American District Electric Protective Co. v. Seaboard Air Lines Ry. Co., 129 Fla. 518, 177 So. 294; Coaster Amusement Co. v. Smith, 141 Fla. 845,

194 So. 336 and Yarbrough v. Ball U-Drive System, Inc., Fla., 48 So.2d 82.

At the conclusion of the evidence submitted by plaintiffs defendant offered no testimony and through its counsel stated:

"May it please the court, I am instructed to inform the court that because the national security may be imperiled were they called to testify in this case, no witnesses will be called upon to testify in either of these cases."

Following this announcement counsel for defendant filed a motion for the entry of a judgment in each of the above cases in favor of the defendant and against plaintiffs, enumerating therein several grounds in support of the motion. The first question raised by this motion is whether, as a matter of law, upon the evidence submitted, the court has jurisdiction in these cases under the Tort Claims Act.

In considering whether the Tort Claims Act is applicable to cases of this character it is necessary to keep in mind the jurisprudential principles that no action lies against the United States unless the Congress has authorized it. Section 2680 contains twelve Exceptions where the Act shall not apply. One of them is as follows:

"(j) Any claim arising out of the combatant activities of the military or naval forces, or the Coast Guard, during time of war."

Despite the semi-war activities that exist in the world today in which this nation is participating this Exception obviously is not applicable in these cases. However, it does point up the possibility of cases of similar nature and of the gravest consequences arising where the court would not have jurisdiction. Exception (a) of Section 2680 is the one that was applied in the Dalehite case. It provides as follows:

"(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in

the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

Prior to the decision of the Supreme Court in Dalehite v. United States, supra, it had been held by lower federal courts that the Tort Claims Act extended to cases of this character. In D'Anna v. U. S., 4 Cir., 181 F.2d 335, in an able opinion by Chief Judge Parker, it was held not only that plaintiff had a right to sue under the Federal Tort Claims Act, but the res ipsa loquitur rule was clearly applicable in that case where an auxiliary gas tank fell from a Navy airplane and injured plaintiff. United States v. Gaidys, 10 Cir., 194 F.2d 762 is another case where the United States was held liable for damages suffered from the crash of an Air Force jet plane based at Lowry Field, Colorado. Also when the Dalehite case was before the Fifth Circuit, In re Texas City Disaster Litigation, 197 F.2d 771, that case was reversed not on the ground that the Federal Tort Claims Act did not apply, but on the ground that the evidence failed to establish a case within the scope of the Act.

■ A careful analysis of the decision of the Supreme Court in Dalehite v. United States, supra, however, convinces this court that it is without jurisdiction to try and dispose of these cases. The acts complained of here constitute the exercise or performance of governmental functions or duties not made the subject of suits under the Tort Claims Act. That what the activities of the Air Force in an experimental way shall be is a cabinet level decision cannot be disputed. That Section 2680(a) exempts such activities from the provisions of the Tort Claims Act may no longer be disputed since the decision of the Supreme Court in the Dalehite case.

■ Since no evidence was offered by defendant showing the nature of the experimental operations and activities at McDill Air Force Base or the mission of the flight in question the court is handicapped in clearly demonstrating why the Tort Claims Act is not applicable here. However, we do start with the premise that the airplane involved was a B-47 Strato-Jet bomber of the United States Air Force located at and flying out of McDill Field, Florida and that it was in charge of Air Force personnel. While, as stated above, the record is completely silent as to the experimental activities carried on by the Air Force at the McDill Air Base or the mission of the airplane in question, it is not too violent an assumption for the court to rely upon its own knowledge of what has been going on around it for the past fifteen years and to state that it knows that the McDill Air Base is a base devoted exclusively to the use of the United States Air Force capable of and actually basing the largest airplanes in the military service and that technical and experimental work by the Air Force is continuously carried on at this base as at other bases in Florida. The announcement of the government agency in charge of the activities at McDill Field as to why no evidence would be offered should be and is sufficient to satisfy this court that it should classify this as a type of governmental function within the scope of 28 U.S.C. Sec. 2680(a), which makes the Act inapplicable to the claims in these cases.

The effect of this opinion is to hold that plaintiffs in these cases are in the same status as were all persons holding claims against the federal government prior to the passage of the Tort Claims Act. There are a large segment of our population who still must appeal to Congress instead of the courts for relief where they have a legitimate claim against the government. These cases fall in that category.

Judgments will be entered in these cases in conformity with this Memorandum Decision.