HELIO GOMEZ, Associate Judge.
Vera Williams purchased a used car from Hollywood Chrysler Plymouth, Inc. under an express thirty-day warranty for all parts and labor and an extended Chrysler warranty. Prior to issuing the extended warranty, the dealer inspected the car, including the transmission, and pronounced it fit for use. Two days later, Williams brought the car back, complaining of transmission and brake problems. The car was serviced and pronounced “fixed”. Williams was told to check the brake and transmission fluids frequently. Two weeks later, Williams still had to jiggle the transmission selection lever to get the car in gear, and the car continued to jump from one gear to another while in operation. Taking the car back to Hollywood Chrysler, appellant was advised to use more fluid. No repairs were made. When Williams brought the car in three weeks later, she received the same advice even though transmission fluid was being added on a daily basis. No repairs were made.
One morning, as appellant was checking the transmission fluid with the engine necessarily running, the car began rolling backwards even though the emergency brake was engaged and the gear shift was in park. In her attempt to stop the car, Williams was knocked to the ground and seriously injured. She initiated this action. At the pre-trial conference, summary judgment for Hollywood Chrysler was entered sua sponte by the trial court when informed by appellant that she did not intend to call an expert witness at trial. This appeal was filed.
We have been cited to no law which requires Williams to produce an expert witness for trial. “When a defendant moves for summary judgment, the trial court does not determine whether the plaintiff can prove her case but only whether the pleadings, depositions and affidavits conclusively show that she cannot prove her case.” Williams v. Florida Realty & Management Co., 272 So.2d 176, 178 (Fla. 3d DCA 1973); see Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Further, expert testimony would be superfluous in this case where the facts clearly fall within the Yarbrough exception to the rule of res ipsa loquitur. Yarbrough v. Ball U-Drive System, Inc., 48 So.2d 82 (Fla.1950). The doctrine of res ipsa loquitur generally requires the defendant to have been in sole or exclusive control of the instrumentality at the time of the injury which forms the basis of the *1197 plaintiff’s suit. However, where no change in the instrument takes place that reasonably could have contributed to the injury, between the time the defendant relinquishes control of the vehicle to the plaintiff and the time of plaintiffs injury, res ipsa loqui-tur may be applied. Yarbrough, 48 So.2d at 84; accord Bill Kelley Chevrolet, Inc. v. Kerr, 258 So.2d 280 (Fla. 3d DCA 1972); Holman v. Ford Motor Co., 239 So.2d 40 (Fla. 1st DCA 1970). Where, as here, a car has presented its owner from day one with transmission and brake problems that never were corrected despite immediate and repeated return of the car to the dealership for warranted repair, there is a presumption of defect sufficient to get the plaintiff to the jury and preclude summary disposition of an action. This is without regard to whether or not the plaintiff has adduced expert testimony.
Because there was ample proof to submit the issues to a jury, it was error to enter summary judgment. Therefore, the judgment appealed from is reversed and the cause remanded for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.