550 So.2d 21 (1989)
Harry BURNS, Appellant,
v.
OTIS ELEVATOR COMPANY, Etc., and 100 Lincoln Road Company, Appellees.
No. 88-1027.
District Court of Appeal of Florida, Third District.
July 25, 1989.
Rehearing Denied November 3, 1989.
Cohn, Hausman & Cohn and Harry M. Hausman, Pembroke Pines, for appellant.
Barwick, Dillian, Lambert & Angel and Thomas E. Ice, Miami Shores, Stinson, Lyons, Gerlin & Bustamante and Mark D. Greenberg, Miami, for appellees.
Before HUBBART, BASKIN and COPE, JJ.
BASKIN, Judge.
Harry Burns appeals the entry of a final summary judgment in favor of Otis Elevator Company, Inc., [Otis] and 100 Lincoln Road Company [Lincoln]. Finding that genuine issues of material fact exist, we reverse.
Harry Burns was injured when the doors to the service elevator in the 100 Lincoln Road Building closed on his shoulders. The 100 Lincoln Road Building is owned by Lincoln; the elevator was installed and maintained by Otis. Burns sued Lincoln and Otis seeking to recover damages he contends resulted from negligent maintenance of the elevator. Lincoln and Otis filed a motion for summary judgment, and the trial court granted the motion.
Burns contends that the doctrine of res ipsa loquitur precludes the entry of summary judgment. Res ipsa loquitur is an evidentiary rule that "provides an injured *22 plaintiff with a common-sense inference of negligence where direct proof of negligence is wanting." Goodyear Tire & Rubber. Co. v. Hughes Supply, Inc., 358 So.2d 1339, 1341 (Fla. 1978); Marrero v. Goldsmith, 486 So.2d 530 (Fla. 1986). Res ipsa loquitur permits the trier of fact to draw an inference of negligence when the following criteria are met: 1) the instrumentality involved was within the exclusive control of the defendant at the time of the injury;[1] and 2) the injury is one which would not ordinarily occur in the absence of negligence. Hughes Supply; Coaster Amusement Co. v. Smith, 141 Fla. 845, 194 So. 336 (1940). If those conditions are established, actual or constructive notice to defendant of any defect in the instrumentality is immaterial. See Coaster.
"[T]he doctrine of res ipsa loquitur is particularly applicable in elevator cab cases." Ferguson v. Westinghouse Elec. Corp., 408 So.2d 659 (Fla. 3d DCA 1981), review denied, 418 So.2d 1281 (Fla. 1982); see also Davis v. Otis Elevator Co., 515 So.2d 277 (Fla. 5th DCA 1987), review denied, 520 So.2d 585 (Fla. 1988). The threshold inquiry is whether the accident is one which does not ordinarily occur in the absence of negligence. Hughes Supply, 358 So.2d at 1342.
Applying those principles to the case before us, we find that the closing of an elevator door on the shoulder of a passenger as he attempts to enter the cab and the exertion of pressure sufficient to tear the passenger's shoulder rotator cuff are events that raise a presumption that a malfunction occurred in the cab. To prevail at trial, plaintiff must still present sufficient evidence, beyond that of the accident itself, from which the jury may infer that the accident would not have occurred but for the defendants' breach of due care. Roffman v. Sears, Roebuck & Co., 522 So.2d 31 (Fla. 4th DCA 1987), review denied, 531 So.2d 1354 (Fla. 1988); Otis Elevator Co. v. Chambliss, 511 So.2d 412 (Fla. 1st DCA 1987); Valens v. Otis Elevator Co., 482 So.2d 479 (Fla. 3d DCA 1986). Accordingly, a factual question remains for jury determination regardless of "whether or not plaintiff has adduced expert testimony." See, e.g., Williams v. Hollywood Chrysler Plymouth, Inc., 541 So.2d 1195, 1197 (Fla. 3d DCA 1988). We therefore reverse the final summary judgment and remand for further proceedings.
Reversed and remanded.
NOTES
[1] The parties do not raise the issue of exclusive control of the elevator. Thus, we do not reach this issue; however, we note that the existence of a maintenance contract does not relieve the owner of the elevator from liability. See Otis Elevator Co. v. Chambliss, 511 So.2d 412, 414 n. 4 (Fla. 1st DCA 1987); Ferguson v. Westinghouse Elec. Corp., 408 So.2d 659, 660 n. 1 (Fla. 3d DCA 1981); § 399.02(5)(b), Fla. Stat. (1983).