974 So.2d 447 (2007)
EMPIRE CLUB, INC., Appellant,
v.
Carmen HERNANDEZ, Appellee.
No. 2D06-7.
District Court of Appeal of Florida, Second District.
December 28, 2007.
Rehearing Denied February 11, 2008.
*448 Christopher L. Casey of Hinshaw & Culbertson, Jacksonville, for Appellant.
Daniel P. Mitchell and Christine A. Donoghue of GrayRobinson, P.A., Tampa, for Appellee.
NORTHCUTT, Chief Judge.
While enjoying a night out at the Empire Club in Ybor City, Carmen Hernandez was injured when a subwoofer fell from an overhead speaker cabinet and struck her head. She filed a negligence suit against the club and obtained a jury verdict in her favor, but we must reverse due to an evidentiary error.
The case is not factually complex. Approximately six months before the accident, Empire's bar manager hung a speaker over the dance floor and above the reach of its patrons. Hernandez was sitting on a stool near the dance floor when the subwoofer fell on her. After the accident, neither the speaker cabinet nor the fallen component could be found.
Hernandez presented the testimony of an expert who had examined an exemplar of the speaker. He explained that the subwoofer was designed to be held in place by four clips screwed into the cabinet. The expert opined that the subwoofer would not have fallen out unless three of the clips were missing. He also ventured that it would not have fallen out if there had been a grille on the front of the speaker.
Empire sought to introduce testimony from its bar manager, a disc jockey, and a sound and lighting consultant, who among them had more than thirty years of experience with sound systems in bars and nightclubs. According to Empire's proffer, these witnesses would have testified that they had never heard of a component falling out of an overhead speaker. This testimony was offered to show that Empire was not negligent in hanging the speaker overhead or in failing to perform regular safety checks on the speaker. Hernandez opposed the introduction of this testimony on the ground that she was proceeding under the principle of res ipsa loquitur and that, therefore, actual or constructive notice was irrelevant to the jury's determination of Empire's negligence. The court accepted this argument and excluded Empire's evidence.
The trial court's ruling demonstrates a misunderstanding of the scope and purpose of the res ipsa loquitur doctrine.
As we all know, the doctrine of res ipsa loquitur is merely a rule of evidence. Under it an inference may arise in aid of the proof. Establishment of the facts that the instrument causing the injury was in the sole control of the *449 defendant, [and] that the occurrence would not have happened in the ordinary course of events had there been proper care on the defendant's part, provides evidence that the injury sprang from the defendant's negligence.
Yarbrough v. Ball U-Drive Sys., Inc., 48 So.2d 82, 83-84 (Fla.1950). Although it has been said that a defendant's actual or constructive notice is immaterial when the conditions for res ipsa loquitur are established, Burns v. Otis Elevator Co., 550 So.2d 21, 22 (Fla. 3d DCA 1989), that principle is applicable only to the plaintiff's case, not to the defendant's claim that it exercised reasonable care under the circumstances. See Coaster Amusement Co. v. Smith, 141 Fla. 845, 194 So. 336 (1940) (noting defenses to res ipsa negligence in various cases); cf. Harmon v. U.S. Shoe Corp., 262 A.D.2d 1010, 692 N.Y.S.2d 566 (N.Y.App.Div.1999) (rejecting defendant's argument that plaintiff was required to establish actual or constructive notice of defect in res ipsa loquitur case).
In other words, res ipsa loquitur merely assists the plaintiff by permitting the jury to draw an inference of negligence that has not otherwise been proved directly. It is not a form of issue preclusion. It does not establish that the defendant was negligent as a matter of law. It does not in any way limit the defendant's right to present evidence that it did not act negligently. Therefore, the trial court erred by excluding Empire's evidence, and we cannot say that the error was harmless. Accordingly, we reverse and remand for a new trial.
We offer a final observation. The judge who tried this case did not make the initial ruling to exclude the evidence, but he was persuaded that it was "law of the case" when the issue was reargued at trial. This, of course, was not true. Law of the case is not established by a trial court's initial ruling but rather by an appellate decision that binds a subsequent proceeding. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Westwind Transp., Inc., 442 So.2d 414, 416 (Fla. 2d DCA 1983).
Reversed and remanded.
SALCINES and VILLANTI, JJ., Concur.